MAY TERM,
1839.

Jones & Jones
v.
Relfe, Adm'r.

### JONES & JONES v. RELFE, ADM'R.

Assumpsit, for work and labor, commenced in the circuit court; bill of particulars showing an account for work done for more than one thousand dollars; verdict for plaintiff for eighty-six dollars and forty cents, and costs. Held, that by the law then in force, the plaintiff, where the amount of debt and damages recovered were below the jurisdiction of the court, could not recover costs, but might have costs adjudged against him; and though it would have been hard, under the circumstances of this case, to make the plaintiff pay the costs, still he could not recover costs. The supreme court then reversed the judgment of the circuit court, and proceeding to give such judgment in the case as the circuit court ought to have given, adjudged that the defendant in error recover his damages assessed in the circuit court, and pay his own costs, and that the plaintiffs in error pay their own costs.

ERROR to the circuit court of Washington county.

*Frissell*, counsel for plaintiffs in error:

The plaintiffs in error insist upon the following points:

1. That the judgment of the circuit court is erroneous in adjudging costs against the defendants, where the recovery is below the jurisdiction of the circuit court—Stat. of Mo. 1825, p. 227–8, sec. 11; do. p. 473, sec. 1; Dougherty v. Downey, 1 Mo. Rep. 674; Buckner v. Amour, 1 Mo. Rep. 534; Mo. Laws of 1825, p. 268, sec. 4; Haydon v. Sloan, 3 Mo. Rep. 328. Properly cognizable, is construed to mean exclusively cognizable, in this last case.

2. That an administrator who brings a suit in the circuit court, properly cognizable before a justice of the peace, is responsible for costs out of his own estate, and that the estate of his intestate ought not to pay said costs—Toller on Ex. 438–9. It is waste.

*Brickey*, counsel for defendant in error:

See Digest, 228, sec 11, title "Costs;" Digest, 473, sec. 1, title "Justices' Courts;" Rev. Code, 129, sec. 11, 13; Rev. Code, 348, sec. 1, 2, 3, 4, title "Jurisdiction;" 2 Mo. Rep. 336, Hays v. Thomas.

TOMPKINS, Judge, delivered the opinion of the court.

Relfe, administrator, sued Augustus and Myers Jones, in the circuit court, where he had judgment; to reverse which this writ of error is prosecuted.

The action is assumpsit for work and labor done in building a mill house. The bill of particulars shows an account for more than one thousand dollars' worth of work

done. The verdict was for eighty-six dollars and forty cents. The jurisdiction of a justice of the peace extended to ninety dollars. By the law in force when this action was commenced, it is provided, that "where any action shall be prosecuted in any court, and the amount of debt and damages recovered shall be below the jurisdiction of the court, the plaintiff shall recover no costs, but may have costs adjudged against him, in the discretion of the court."

It is contended that the plaintiff ought to pay costs to the defendants below, (plaintiffs here.) The defendant in error was an administrator, and may be supposed to be more ignorant of the date of the accounts of his intestate than the deceased would have been. But had the intestate himself brought this action, it seems to me that it would be hard to make him pay costs, under the circumstances of the case. The demand was large, and the account unliquidated. The statute forbids that he should recover costs, but leaves it at the discretion of the court to adjudge costs against him. No evidence is saved to show that the defendant in error had any knowledge of the true amount due his testator. Under the circumstances of the case, it appears to me that he ought not to be adjudged to pay costs, but the judgment of the circuit court must be reversed; and, in my opinion, this court ought to proceed to give such judgment in the case as the circuit court ought to have done—that is to say, that the defendant in error recover his damages assessed in the circuit court, and pay his own costs, and that the plaintiffs in error pay theirs. Such being the opinion of Judge Napton, the judgment of the circuit court is reversed, and judgment will be entered up as above intimated.

circuit court, and proceeding to give such judgment in the case as the circuit court ought to have given, adjudged that the defendant in error recover his damages assessed in the circuit court, and pay his own costs, and that the plaintiffs in error pay their own costs.