### TALBOT v. GREENE.

The Circuit Courts have concurrent jurisdiction with Justices of the peace when the subject matter in controversy does not exceed in value fifty dollars, (R. C. 1835, title "courts" p. 155, sec. 8, do title "costs" p. 12 9, sec. 13 and 14 do, title "justices courts" p. 348, sec. 2, 3, and 4.)

Error to Howard Circuit Court.

*Leonard, counsel for plaintiff in error.*

That the plaintiff is entitled as a matter of right to a judgment in this cause for costs.

First. By the 5th section of the act "costs" Rev. Stat. 128, all plaintiffs recovering judgment are entitled to costs as incident to such recovery.

Second. This general right is limited by sections 13 and 14, of the same act in the two following classes only.

1. By section 14, if the suit be properly cognizable before a justice of the peace, costs shall be adjudged against the plaintiff.

2. By the section 13, if it be an action of trespass and any damages be found, or if it be any other action, the subject matter of which is cognizable before the court, but the amount of damages (recovered) be below the jurisdiction of the court, the costs shall be adjudged to plaintiff or defendant, according to the discretion of the court. Hayden vs Sloan 3. Mo. Rep. 328–329.

*Todd, Kirtley and Davis, counsel for Defendant in error.*   AUGUST TERM
1840.

See Rev. Stat. title costs page 129, sec. 13, and 14, same
title justices courts page 348, sec. 4.

Talbot
v
Greene.

See also the case of Jones and Jones v. Relfe 5th vol. de-
cisions of this court page 542, made in the 4, judicial dis-
trict May term 1839.


Opinion of the Court by Napton Judge.


Talbot sued Green in an action of assumpsit for medical
services, and laid his damages at three hundred dollars. He
had a verdict for eighty four dollars and twenty-five cents.
On motion of defendant, the costs were taxed against the
plaintiff, to which, plaintiff excepted and seeks to reverse
this judgment, in this court.

The act concerning justices courts (art. 1. S. 2.) declares
that justices shall have jurisdiction in all actions founded on
contract, where the debt due, or damages claimed shall not
exceed ninety dollars.   The third section, provides, that in
actions on bonds and notes for the payment of a sum ex-
ceeding ninety dollars and not exceeding a hundred and fif-
ty, the circuit court shall have concurrent jurisdiction with
the justices.   The last section seems to imply that in the
cases enumerated in the first, the court has exclusive juris-
diction.   But the act, in relation to courts, declares (p. 155
Rev. Co.) that the circuit court shall have concurrent origin-
al jurisdiction with justices of the peace, in actions of tort
and in all cases, which by law, are not exclusively cogniza-
ble before justices of the peace, where the matter in con-
troversy shall be of the value of fifty dollars, or the title to
lands is drawn in question &c.

It is not very easy to reconcile this section with the pre-
ceding sections quoted from the act in relation to justices
courts; but it is difficult to resist the conclusion drawn from
the express words of the act concerning courts, that the cir-
cuit court has concurrent jurisdiction where the subject
matter in controversy does not exceed in value fifty dollars.
Why the concurrent jurisdiction should afterwards have been
limited to sums between ninety and one hundred and fifty

The circuit
courts have
concurrent
jurisdiction
with justices
of the peace
when the sub-
ject matter in
controversy
does not ex-
ceed in value
fifty dollars.

AUGUST TERM. dollars, does not appear upon this construction of the act.
1840. If this construction be correct, the circuit court had juris-
diction over the amount *recovered* as well as claimed in this
suit.

Talbot
v.
Greene.

(R. C. 1835,
title 'courts,'
p. 155, sec. 8;
do. title
'costs,' p 129,
sec. 13 & 14;
do. title "jus-
tices courts,"
p. 348, secs.
2, 3, & 4.)

The fourth section of the act concerning justices courts
(p. 348,) provides, that if any suit properly cognizable before
justices of the peace, be brought in a court of record, the
plaintiff may recover judgment thereon, but the costs of
such suit shall be adjudged against him. The 13th, section
of the act concerning costs provides, that in all actions of
trespass, if any damage is found for the plaintiff he shall re-
cover his costs, and in all other actions, which shall be prose-
cuted in any court, the subject matter of which is cognizable
before such court, but the amount of damages *recovered*
shall be below the jurisdiction of the court, the plaintiff or
defendant shall recover costs, in the discretion of the court.
The next section (S. 14) declares that if a suit is commenced
in the circuit court, which is properly cognizable before a
justice of the peace, the plaintiff may recover judgment, but
the cost shall be adjudged against him.

I do not pretend to be able to reconcile these conflicting
provisions but in this case, the damages were not reduced
below the jurisdiction of the circuit court, and costs should
therefore have been adjudged, as in ordinary cases.

Judgment for costs is therefore reversed and the clerk is
directed to enter up judgment for costs against defendant be-
low.