## DAY *vs.* HORNBUCKL , AND UX.

Plaintiff brought an action of assumpsit in the Circuit Court, against defendant, and recovered twenty-five dollars: *Held,* that as the suit was properly cognizable before a justice of the peace, the plaintiff could not recover costs, but the costs should have been adjudged against him.

## APPEAL from Callaway Circuit Court.

SHELEY *and* HAYDEN, *for Appellant.*

TOMPKINS, *Judge, delivered the opinion of the Court.*

Hornbuckle and Wife brought their action of assumpsit against Samuel Day, in the Circuit Court of Callaway county. Judgment was there given against Day, and, to reverse this judgment, he appeals to this Court.

The declaration consisted of several counts, all of which were common counts. The plea of non-assumpsit was filed, but there was not any notice of set-off. The verdict was for twenty-five dollars, and costs. The defendant, Day, moved the Court to enter up judgment against the plaintiff, because the verdict of the jury was below the jurisdiction of the court. This motion was overruled by the Circuit Court. The second section of the first article of the act to establish justices' courts, gives justices of the peace jurisdiction in all acts founded upon contract, where the amount of the debt, or balance due, or damages claimed exclusive of interest, shall not exceed ninety dollars.

In Jones & Jones *vs.* Relfe, it is assumed, that sums not exceeding ninety dollars are properly cognizable before a justice of the peace in the actions above-mentioned.—See 5 Mo. Rep., 543.

In Talbot *vs.* Green, 6 Mo. Rep., 458, this construction of the statute is questioned, and it is said to be difficult to resist the conclusion drawn from the express words of the act concerning courts, (Revised Code, 155,) that the Circuit Court has jurisdiction where the subject matter in controversy does not exceed, in value, fifty dollars.

So far as the present case is concerned, it is not material which is the proper construction of the law, for it is certainly true that the sum here recovered is not within the jurisdiction of the Circuit Court, and is therefore properly cognizable before a justice of the peace; and in Hayden *vs.* Sloan, 3 Mo. Rep., 329, these words, *properly cognizable,* are considered to be equivalent to *exclusively cognizable.*

It is provided, by the fourth section of the first article of the act to establish justices' courts, that if any suit properly cognizable before a justice of the peace be brought in any court of record, the plaintiff may recover judgment therein, but the costs of suit shall be adjudged against him.— See Digest of 1835, p. 348.

To the same purpose, see the fourteenth section of the act concerning costs, Digest of 1835, p. 129.

The Circuit Court, it seems then, should have adjudged the plaintiffs, Hornbuckle and Wife, to pay costs. Its judgment, therefore, so far as it relates to the costs, is reversed, and that court is required to enter up a judgment for the defendent there, appellant here, for the costs of the suit in that action.

For such purpose, the cause will be remanded.