ADOLPH H. STEENBOCK, APPELLEE, V. OMAHA COUNTRY
CLUB, APPELLANT.

FILED SEPTEMBER 22, 1923. No. 22167.

1. **Negligence:** INJURY: PROXIMATE CAUSE. "The proximate cause of an injury is that cause which, in the natural and continuous sequence, unaccompanied by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Spratlen v. Ish,* 100 Neb. 844.

2. ———: ———: ———. It is not sufficient that the negligence charged furnishes only a condition by which the injury is made possible, for if such condition causes an injury by the subsequent independent act of a third person, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury.

3. ———: ———: ———. The negligent placing of a flagpole across its driveway by the defendant Omaha Country Club, which flagpole was thereafter knocked against plaintiff's back by the careless and negligent driving of defendant Crofoot's car, thereby causing plaintiff's injury, is not the proximate cause of such injury.

4. ———: DIRECTION OF VERDICT. The pleadings and evidence do not disclose facts creating a liability in favor of plaintiff and against the defendant Omaha Country Club, and the defendant's motion for a directed verdict in its favor should have been sustained.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Reversed, with directions.*

*Kennedy, Holland, De Lacy & McLaughlin,* for appellant.

*Jefferis, Tunison & Wilson, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., COLBY, District Judge.

COLBY, District Judge.

This action was brought by the plaintiff, a minor about 15 years of age, by his father and next friend, against the Omaha Country Club and Ludovic C. Crofoot for injuries sustained by plaintiff while employed as a caddy at said club.

The petition alleges that the injuries complained of were the result of an automobile being driven by the chauffeur of defendant Crofoot against a flagpole owned

Steenbock v. Omaha Country Club.

by the country club, which its employee, for the purpose of repair, had taken down and laid across a driveway on the grounds of said club. It is further alleged in the petition that the plaintiff was waiting for employment during his term as a caddy and sitting near the east end of the flagpole, and that the chauffeur of defendant Crofoot negligently propelled and directed an automobile along the driveway, failed to exercise ordinary care or to observe or discover such flagpole and negligently ran into the same; that such negligent act caused the car to strike the flagpole with great violence, inducing the slender part thereof to strike plaintiff in the back, thus producing the injuries complained of; that the negligent acts of the defendant Omaha Country Club in placing its flagpole across the driveway, and the negligent acts of defendant Crofoot, through his chauffeur, concurring, were the proximate cause of the plaintiff's injuries.

Before the trial of the case defendant Crofoot settled with plaintiff for the injuries complained of by the payment of the sum of $1,260.

The evidence upon the trial seemed to support the main facts alleged in the petition regarding the placing of the flagpole across the driveway by defendant Omaha Country Club and the failure of defendant Crofoot to exercise ordinary care in the driving of his machine or to observe or discover said flagpole, and that he carelessly and negligently ran into the same, and that the running into said pole by said car knocked the same against the back of plaintiff and thus produced the injuries complained of.

There were a number of defenses interposed by the defendant Omaha Country Club, but the controlling question at issue is whether the placing of the flagpole across the driveway of the country club or the knocking of the pole against plaintiff's back by the car of defendant Crofoot was the proximate cause of the injuries to plaintiff, and the decision of this question is of im-

portance and will practically make a consideration of the other matters unnecessary.

To constitute proximate cause, under authority of the adjudicated cases, the injury must be the natural and probable result of the negligence, and be of such a character as an ordinarily prudent person could have known, or would or ought to have foreseen might probably occur as the result. It is not sufficient that the negligence charged does nothing more than furnish a condition by which the injury is made possible, and if such condition causes an injury by the subsequent independent act of a third person, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury. There may have been carelessness and negligence on the part of the country club in placing the flagpole across its driveway, but this, in itself, no matter how careless and negligent it might be, would not and could not alone cause the injury.

It is alleged in the petition and supported by the evidence that the carelessness and negligence of the chauffeur of defendant Crofoot caused the striking of the automobile against the flagpole, knocking the same against the back of plaintiff, thus producing the injuries complained of, and while the country club may have been careless and negligent in the placing of the flagpole across its driveway, this, in itself, without any other cause or condition, would not produce the injury. The pole, in itself, lying across the roadway would not produce any injury, but if negligently run into, as the plaintiff alleges happened in this case, an accident would result. From this it would appear that the pole simply furnished a condition, but that the real proximate cause of the accident was the carelessness and negligence of the chauffeur of the Crofoot car in running into the pole.

The failure of the country club to put up a notice or erect a barricade cannot be considered as the proximate cause of the accident. In order for the plaintiff to recover damages for its alleged negligence, the plain-

Steenbock v. Omaha Country Club.

tiff must prove both the negligence of defendant country club and that such negligence was the proximate cause of the injury complained of. In this case it does not appear that the injury to plaintiff resulted from the negligence of the country club, if it was negligent in placing the flagpole across its driveway. This alleged negligence of the defendant country club plainly might have existed for years without any injury to plaintiff, had it not been for the negligent act of defendant Crofoot's chauffeur in the operation of his car.

In *Cole v. German Savings & Loan Society*, 124 Fed. 113, Judge Sanborn, in his opinion, says on the subject of proximate cause: "It is now no longer difficult to determine whether or not the acts of the defendant were the proximate cause of the injury to the plaintiff. Wharton (Negligence, sec. 134) says: 'Supposing that, had it not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor, and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured.' "

Bishop, on Non-Contract Law, sec. 42, says: "If, after the cause in question has been in operation, some independent force comes in and produces an injury not its natural or probable effect, the author of the cause is not responsible."

In the case of *Thubron v. Dravo Contracting Co.*, 86

Atl. 292 (238 Pa. St. 443), it is said in the second paragraph of the syllabus as follows: "The mere concurrence of a person's negligence with the proximate and efficient cause of an accident will not create liability."

In 29 Cyc. 496, the text is as follows: "A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause."

In *Elliott v. Allegheny County Light Co.*, 54 Atl. 278 (204 Pa. St. 568), the syllabus is as follows: "In an action by a painter to recover for injuries received, where the evidence shows that he fell from a ladder and clutched at a live electric wire, and was shocked thereby, he is not entitled to recover from the electric light company, which left the wire uninsulated, the fall from the ladder being the proximate cause of the injury."

In *Independent Ice Cream Co. v. United Ice Cream Co.*, 125 N. Y. Supp. 1106, the second paragraph of the syllabus is as follows: "Where the negligence of one party is merely passive and potential, while that of the other is the moving and effective cause of the accident, the latter is the proximate cause."

This court has recognized and adopted the same principle on the question of proximate cause. In *Spratlen v. Ish*, 100 Neb. 844, the defendant was charged with maintaining a defective and improperly drained gas pipe in which the moisture in the gas froze and stopped the gas. The gas company's employee put alcohol in the pipe to thaw it out and at night it was thawed out, but the gas company's man left the gas jet open and plaintiff's husband was asphyxiated. The lower court

directed a verdict for the defendant company, and this court, in affirming the case, say:

"Was the alleged negligent plumbing the proximate cause of the injury? If this question is answered in the negative, it is unnecessary to determine the rights of landlord and tenant. The alleged negligence, it will be noted, consisted in permitting one of the gas pipes to sag so that it did not drain properly, and the liquid therein froze and shut off the flow of gas which was desired for illuminating purposes. Had the gas jet been left closed, this would merely have caused inconvenience in lighting the house, but would have caused no other injury. Asphyxiation does not occur from shutting off the flow of gas, but from permitting it to escape. No stretch of the imagination will permit a holding that asphyxiation of plaintiff's decedent was the natural and probable result of such plumbing. If it was not, plaintiff is not entitled to recover."

The law on this subject seems to be fairly well settled. The best considered authorities hold that an injury which could not have been foreseen or reasonably anticipated as the probable result of the negligence is not actionable, nor is an injury that is not the natural consequence of the negligence complained of, and would not have resulted from it, but for the interposition of some new, independent cause that could not have been anticipated. The concurring negligence of another cannot transform an act of negligence, which is so remote a cause of injury that it is not actionable, into a cause so proximate that an action can be maintained upon it. It cannot create a liability against one who does not legally cause it, nor make an injury the natural and probable result of a prior act of negligence which was not, or would not have been, such a result in its absence. *Chicago St. P., M. & O. R. Co. v. Elliott,* 55 Fed. 949, 20 L. R. A. 582; *Cole v. German Savings & Loan Society,* 124 Fed. 113, 63 L. R A. 416.

The defendant Omaha Country Club, in instruction

No. 1, moved the court to direct the jury to find a verdict for the defendant, and under the rules of practice this was the authorized mode of procedure to obtain the relief sought. This court held in *Benson v. Peters,* 82 Neb. 189, that this was the proper course to pursue. The syllabus is as follows: "In an action to recover damages for a personal injury, the defendant is entitled to a directed verdict when the evidence is insufficient to show that the alleged negligence was the proximate cause of the injury."

The defendant's motion for a directed verdict should have been sustained. Under the law, the pleadings, and the undisputed evidence, the plaintiff cannot recover, and this case should be reversed and remanded, with instructions to the district court to dismiss plaintiff's action.

Reversed and remanded, with instructions to dismiss.

REVERSED.