JOHN S. JOHNSON, APPELLANT, V. HARRY MALLORY, APPELLEE.

FILED JULY 29, 1932. No. 28200.

*Gerald J. Hallstead, Frank A. Anderson* and *Perry, Van Pelt & Marti,* for appellant.

*Thomas J. Dredla* and *Hall, Cline & Williams, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and DICKSON and TEWELL, District Judges.

TEWELL, District Judge.

Plaintiff brought this action to recover damages arising from personal injuries that resulted from an automobile, in which the plaintiff was riding, striking the rear end of a truck owned by the defendant. At the close of the introduction of evidence by the plaintiff, the trial court, upon motion of the defendant, directed the jury to return a verdict for defendant, and entered a judgment dismissing the action. The plaintiff appeals.

The defendant was engaged in hauling merchandise by truck. On the day of the collision in question, one Eggert, an employee of the defendant, accompanied by one Edward Hladky, was driving the defendant's truck from Lincoln to Crete, when a tire on the right rear wheel of the truck was punctured. Near the point where the puncture occurred, Eggert drove the truck to the extreme right-hand side of

the road and there stopped. At this point, which is some four or five miles northeast of Crete and on the mainly traveled highway between Crete and Lincoln, the graveled surface of the road is about 30 feet wide, and runs from east to west. The truck was parked fronting west, and far enough to the extreme north side of the road to cause its two right wheels to stand approximately at the north edge of the gravel and near a small ditch along the north side of the road-bed. Cars traveling westward on the north half of the roadway were compelled to turn to the left a few feet to clear the south side of the truck. The portion of the roadway that was south of the parked truck was about 20 feet in width. No curves existed in this portion of the road. The roadway at this point slopes gradually downward from the high point of a small ridge, such high point being some 900 to 1,000 feet east of the point where the truck was parked. Nothing existed either upon or near the roadway to obstruct the view of the road-bed during daylight by one driving thereon for at least a few hundred yards west or a like distance east of the parked truck. No spare tire existed on the truck, and Eggert went to Crete to secure one, leaving Hladky in charge of truck. This was about 6 o'clock in the evening. Eggert returned to the truck accompanied by the defendant, with repairs to patch the inner tube. Not being able to repair the tube, the defendant returned to Crete to secure a new tube and left Eggert and Hladky with the truck. About 8 o'clock in the evening, when darkness had ensued, the passenger car in which plaintiff was riding in the right side of the front seat, collided with the rear end of the parked truck, causing the plaintiff severe physical injury. Plaintiff's son, Tannies Johnson, owned and was driving the passenger car in a westerly direction at the time of the collision. The front lights of the truck were lighted. There is evidence to the effect that the red light at the rear of the truck was not lighted, and we assume, for the purpose of this opinion, that it was not. A spot light, not red in color, was erected about the middle of the body of the truck and back of the

cab. This spot light was lighted and was so adjusted as to shed its rays to the east and downward over the rear of the truck. The location of the spot light was about four feet above the bottom of the truck bed and about seven feet above the ground. At the time of the accident Eggert and Hladky were seated upon a bank some 30 feet to the northeast of the truck. Plaintiff and his son, Tannies Johnson, with the wife of each and a son of Tannies Johnson were going to their homes in Phelps county, Nebraska, after attending the state fair. Many cars traveling westward passed the parked truck after darkness ensued and before the collision in question. No car other than the car in which plaintiff was riding and the parked truck was near plaintiff at the time of the accident. Plaintiff's son, driver of the passenger car, observed at least the spot light upon the parked truck when he was three or four hundred yards from it, and claims that it appeared to him as a car with one head light coming toward him. He testified that he drove his car on the right-hand side of the road under the rays of the spot light until he was within 30 feet of the truck, and then, for the first time, realized that the truck was parked as it was, and that upon such realization, he turned to the left to try to avoid hitting the truck, but hit the left-hand rear corner thereof with the radiator of his car. Witnesses of the accident estimated the speed of the passenger car at speeds varying from 30 to 45 miles an hour. The truck was driven forward several feet and against a bank by the force with which it was struck.

The charges of negligence against defendant are to the effect (1) that he had no red light on the rear of the truck; (2) that he displayed a bright light on the back of the cab that failed to disclose the position of the truck, and that was blinding and confusing to one in another car driving westward; (3) that he did not have a spare tire; (4) that he parked the truck at all upon the highway when traffic was so heavy; (5) that he allowed the truck to remain so parked for so long a time, and (6) that he parked the truck where it could not be seen by one driving westward until

within a short distance from it. The trial court in directing a verdict for defendant stated in effect that he did so upon the ground that no act or omission on the part of the defendant, if it constituted negligence, was the proximate cause of the plaintiff's injuries.

Section 39-1105, Comp. St. 1929, prohibits any four-wheeled motor vehicle being operated on the highways without a red light visible from its rear, and provides that spot lights shall not be used except when projecting their rays directly upon the ground and at a distance not exceeding 30 feet in front of the vehicle. The evidence in this case establishes a state of facts, rebuttable in nature, with relation to the lack of a red light, and to the use of the spot light, upon which reasonable minds could honestly draw opposite conclusions upon the questions of whether either or both of such acts constituted negligence. The charge of parking where the truck could not be seen until within a short distance from it, which, if true, might have been negligence, is not supported by the evidence and was properly withdrawn from the jury. No reasonable mind could conclude that defendant's servant failed to exercise ordinary care in choosing the place of parking, as distinguished from the condition of the thing parked, when, aside from darkness, the place chosen was visible at all points for at least 300 yards from it, occupied only a few feet of the roadway and left ample room on the roadway for other cars to pass. It could not be anticipated that any one would drive into the parked truck solely on account of not seeing it in time, assuming perfect visibility, which must be assumed in deciding this particular charge of negligence. The question of whether or not an act or omission is negligence is for the jury to decide when reasonable minds from the evidence may honestly say, under a proper definition of negligence, that it was, and is not to be submitted to the jury if there is not sufficient evidence to support a finding in the affirmative. *Boomer v. Lancaster County*, 115 Neb. 295; 45 C. J. 1289. Charges of negligence given numbers 3, 4 and 5 in the above enumeration are discussed later in this opinion.

Assuming negligence on the part of the defendant in his act or omission with relation to the red light and bright light, or to either, could his acts with relation thereto be reasonably said to be the proximate cause of the plaintiff's injuries? Although the defendant may have been negligent, no liability attaches to him on account thereof, unless such negligence was the proximate, rather than the remote, cause of the plaintiff's injuries. 45 C. J. 901; *Johnson v. City of Omaha,* 108 Neb. 481.

Various definitions of the phrase "proximate cause" have been given by courts. It is difficult to state a definite and invariable rule whereby a line may always be drawn between the proximate cause of an injury and some cause thereof too remote to be the foundation of an action therefor. Whether or not an act of negligence is the proximate cause of an injury is determined by ascertaining whether or not in the natural and continuous sequence of events there was a casual connection between such negligence and the injury, without some efficient independent cause, that was disconnected from such negligence and self-operating, intervening to produce the injury. *Spratlen v. Ish,* 100 Neb. 844; *Berlo v. Omaha & C. B. Street R. Co.,* 104 Neb. 827; 45 C. J. 897.

Two acts of negligence acting contemporaneously may occur to produce the proximate cause of an injury, if the injury would not have happened in the absence of either, and in such case one is not relieved of liability for such injury merely because he is responsible for only one of such acts. *Bosteder v. Duling,* 115 Neb. 557; 45 C. J. 920. The plaintiff's injuries resulted from the collision between the passenger car and the truck, and the collision was immediately preceded by the negligence of Tannies Johnson in driving the passenger car as he did. If, by virtue of the condition of visibility, Tannies Johnson was apprised, in time to avoid the collision, of the nature of the obstruction in the road formed by the parked truck, then the negligence, if any, of the defendant did not concur with that of Tannies Johnson in causing the collision, as the acts of Tannies

Johnson and the defendant would in such event be successive and unrelated in operation. The truck would then have presented an obvious existing condition. Two acts of independent source are not concurrent in causing an injury, if one of them merely furnishes a condition by which such injury is made possible, and later such injury occurs through the efficient, self-acting, and independent operation of the other. In such case the latter and not the former is the proximate cause of such injury. *Steenbock v. Omaha Country Club,* 110 Neb. 794; *Geisen v. Luce,* 242 N. W. (Minn.) 8; 45 C. J. 931, note 55. The case of *Geisen v. Luce, supra,* involved a state of facts in which a passenger car was upset on account of being turned to the left to avoid striking the rear of another car parked on the highway, the latter portion of the opinion assuming that the parked car was parked negligently and in violation of a statute. The facts in that case, like those in the case of *Steenbock v. Omaha Country Club, supra,* occurred during daylight. In each of those cases, the thing negligently placed in the highway was, in time to avoid the accident, perfectly obvious to the driver of the car that furnished the efficient intervening cause of the injury, and did nothing more than furnish the condition by which the injury was made possible.

A situation, different than that assumed in the last preceding paragraph, exists if the lack of a red light and the existence of a bright light upon the rear of the defendant's truck were of such a nature that the defendant reasonably should have anticipated that they would mislead some driver, and if they did mislead Tannies Johnson as to the nature of the obstruction in the highway, and continued so to do until, driving as he did, negligently or otherwise, it was too late to avoid the collision after becoming aware of the nature of the obstruction. The parked truck, under such latter assumption, would present an active and unforeseen force, operating upon and setting in motion the acts of Tannies Johnson, and aiding their continuance by concealment of its nature until the collision was unavoid-

able. In such event, the parked truck would present more than a mere condition, and the intervening cause would not be disconnected therewith and self-acting. The doer of an original wrongful act that should reasonably cause one to anticipate an injury therefrom is not relieved from liability for an injury immediately brought about by an intervening cause, wrongful or otherwise, that is set into operation by such original wrongful act, and that alone would not have caused the injury, but which with the aid of the original wrong does cause such injury. 45 C. J. 932. The case of *Camp v. Wilson*, 258 Mich. 38, is one in which the owner of a truck parked on the highway at night without a red tail light, but with green rear lights, and also the driver of a passenger car, who injured plaintiff in trying to avoid such truck, were both held liable. Another case involving a collision in the nighttime with the rear end of a parked truck is *Olson v. Purity Baking Co.*, 242 N. W. (Minn.) 283. In *Bielke v. Knaack*, 242 N. W. (Wis.) 176, both the driver of a truck parked on the highway with a tail light but without clearance signals and the driver of a passenger car colliding with the rear of the truck were held liable to the plaintiff for injuries received in the collision. In the case of *Edblad v. Brower*, 178 Minn. 465, both the owner of a car parked on the left-hand side of the road with both head lights burning and the driver of a car colliding with the front end of the parked car were held liable for injuries received by the plaintiff in the collision.

In the case, either of the two assumed sets of facts above mentioned may reasonably be drawn from the evidence, and we are therefore unable to say as a matter of law that the negligence of the defendant, if any, with relation to the lights on the rear of his truck was not one of two concurring acts forming the proximate cause of the plaintiff's injuries. We therefore hold that the question of whether or not such negligence, if any, with relation to said lights, on the part of the defendant was the proximate cause of plaintiff's injuries should have been submitted to the jury with instructions properly showing under what state of facts

the defendant's acts could be found to be the proximate cause of the plaintiff's injuries.

Charges of negligence given numbers 3, 4 and 5 in the foregoing enumeration, even if supported by the evidence, and even if the acts charged be negligence, which we do not hold, could not be any portion of the proximate cause of the plaintiff's injuries under rules above announced. Jointly or severally they were not submissible to the jury as a possible proximate cause of plaintiff's injuries. If the defendant's truck had been parked only a moment or more before the collision in the same condition in which it was parked at the time of the collision, this case would present the same questions it now presents. The defendant committed no wrongful act proximately causing plaintiff's injuries in parking where he did, when he did, and as long as he did, but may have committed a wrongful act that was one of two concurring acts forming the proximate cause of the plaintiff's injuries in parking his truck in the condition in which he did. The parking merely created a condition that made the collision possible, and the failure to have a spare tire was merely a remote cause of the condition.

Whether the plaintiff was himself guilty of contributory negligence barring his recovery or whether the negligence of Tannies Johnson was imputable to plaintiff are questions not decided in this opinion. Giving the evidence that construction that is most favorable to the plaintiff, we have treated him as a guest free from contributory negligence.

For reasons above stated, the judgment of the trial court is reversed and this cause remanded for further proceedings.

REVERSED.