D. E. PETERS, APPELLEE, V. WILLIAM H. MEYER, APPELLANT.

FILED DECEMBER 18, 1936. No. 29769.

*H. Halderson,* for appellant.

*Arthur O. Auserod, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHAPPELL, District Judge.

CHAPPELL, District Judge.

This is a law action to recover the principal and interest thereon after maturity of a $1,500 promissory note or negotiable bond, dated May 18, 1927, maturing June 1, 1932. The interest accruing before maturity is represented by ten interest coupons payable semiannually upon which no recovery is sought in this action. Defendant, appellant, filed answer to petition of plaintiff, appellee, in which, for his first defense, he denied generally the allegations therein except that he signed the note and that plaintiff was

assignee thereof as alleged. For a second defense he pleaded in bar that plaintiff had, after the principal had matured, brought an action in the county court of Wheeler county, Nebraska, and obtained judgment thereon for a part of this same claim, to wit, a judgment upon the interest coupons; that the right to recover the principal and interest, having both matured, constituted one single indivisible demand for the aggregate sum due thereon, recoverable only in one action; that judgment on the interest coupons was *res adjudicata* of the entire claim. He pleads a third defense in his answer which will not be discussed in this opinion for the reason that it was abandoned in his brief and argument to this court, and is without merit.

Demurrer to the second and third defenses of the answer was sustained by the trial court. Defendant thereafter elected to stand on his answer and, the parties and counsel all being present in court, it was agreed that a jury be waived, and trial was had to the court. Evidence was adduced for plaintiff, and defendant rested. Whereupon, the court entered judgment for plaintiff and against the defendant. The amount of the judgment is not in dispute. The sole question for our determination is whether the trial court rightly sustained plaintiff's demurrer to the second defense of the answer.

. We concede appellant's contention that a single, entire and indivisible demand cannot, at the will of plaintiff, be separated and collected in separate actions; that plaintiff cannot split up an entire cause of action. It is against the policy of the law to permit a debtor to be subjected to the expense and annoyance that would necessarily result from such a course, but there is no authority, statutory or otherwise, that requires a party to join in one suit several distinct causes of action. *Beck v. Devereaux*, 9 Neb. 109, 2 N. W. 365. See, also, *Kansas City Hotel Co. v. Sigement*, 53 Mo. 176; *Lincoln Joint Stock Land Bank v. Williams*, 216 Ia. 659, 246 N. W. 841. He may join such causes of action under certain conditions. See section 20-701, Comp.

St. 1929. When two or more actions are pending in the same court which might have been joined, they may, upon application, be consolidated. See section 20-703, Comp. St. 1929.

In none of the cases cited by appellant as authority for his contention has been found the question presented here. While recognizing the doctrine that a recovery for a part of an entire indivisible demand will bar an action for the remainder the great weight of authority is to the effect that a judgment for instalments of interest on a note will not bar a subsequent action for the principal, although it was due when the former action was commenced. A promise to pay a debt at one time and the interest at another is construed as containing distinct promises giving several causes of action and, being several in their origin, maturity of both will not make them one and entire. *Dulaney v. Payne*, 101 Ill. 325; *Wehrly v. Morfoot*, 103 Ill. 183; *Presstman v. Beach*, 61 Md. 203; *French v. Bates*, 149 Mass. 73, 21 N. E. 237; *Andover Savings Bank v. Adams*, 1 Allen (Mass.) 28; *Sparhawk v. Wills*, 6 Gray (Mass.) 163; *Stone v. Bennett*, 8 Mo. 37; *Butterfield v. Ontario*, 44 Fed. 171; *Nathans v. Hope*, 77 N. Y. 420. See, also, 1 C. J. 1114, 1115; 1 R. C. L. 351, sec. 31; 22 Cyc. 1572, secs. 3, 4, and cases therein cited.

The fact that several causes of action arise from the same contract does not *ipso facto* render a judgment on one a bar to a suit on another. It is not a test of the right of the plaintiff to maintain separate actions that all claims might have been prosecuted in a single action. *Perry v. Dickerson*, 85 N. Y. 345. The promissory note or negotiable bond upon which recovery is sought and the interest coupons attached are several, separate and distinct causes of action. A recovery upon one or more of such coupons will not be a bar to recovery of the principal and interest accruing after maturity thereof in a subsequent separate action even though both were due at the time of the first action.

The judgment of the district court is right, and it is

AFFIRMED.