JOHN BRUNO, APPELLEE, v. GUNNISON CONTRACTORS, INC., ET AL., APPELLANTS.

126 N. W. 2d 477

Filed February 28, 1964. No. 35540.

Kennedy, Holland, DeLacy & Svoboda and Robert A. Skochdopole, for appellants.

Schrempp, Lathrop & Rosenthal, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is an action for personal injuries growing out of an automobile collision between plaintiff's automobile and one being driven by Harry E. Kramer, the defendants being sued in this action for negligence in the maintenance of barricades guarding construction work near the scene of the accident on North Eleventh Street in Omaha, Nebraska. From a jury verdict for plaintiff and judgment accordingly, defendant contractors appeal, assigning as error insufficiency of the evidence.

The accident occurred about 8:45 p.m., February 13, 1961, in the 2400 block on North Eleventh Street in Omaha, Nebraska. The street was dry, paved, and 36 feet wide. Plaintiff's car, going north on the extreme east side of North Eleventh Street, and leaving about

15 feet of skid marks, collided directly head-on with the Kramer car coming south, leaving no skid marks, about 70 feet south of a partially constructed manhole erected by the defendants, who were building an interceptor sewer for the city that crossed North Eleventh Street at this point. The whole front of each car was pushed back, the impact throwing the front of each car into the air opposite each other, and they came to rest 2 or 3 feet apart and directly facing each other on the east side of the east driving lane on North Eleventh Street. Kramer, driver of the southbound car, was killed as the result of the accident.

The manhole extended from the west side of the street not over 6 or 7 feet. About 20 feet north of the hole was a pile of rock or dirt. Between 50 and 70 feet farther north stood a four-legged caution sign, about 3 feet high, with a scotchlite illuminated "caution," in large letters extending across the face of it, and with a battery-powered amber flicker light on the east end. It stood out from the curb about 3 feet and extended into North Eleventh Street from the west not over 8 or 9 feet. Between this northernmost barricade and south up to the excavation there were two other sawhorse barricades, one immediately adjacent to the manhole, both standing out in North Eleventh Street about the same distance from the west curb. It therefore appears without dispute that the defendants had blocked off a roughly rectangular portion on the west side of North Eleventh Street about 70 to 90 feet in length and not over 8 or 9 feet wide. As mentioned, the accident happened 70 feet further south from this area. The distance, by police measurement, from the intact northernmost barricade referred to above and the point of impact, was 150 feet. The street was 36 feet wide, and the undisputed minimum clear driving area on North Eleventh Street was 27 feet, the width of the colliding cars being about 5 to 6 feet.

There is some evidence of spattered dirt or mud on

the flicker light and on the scotchlite illuminated "caution," on the first and northernmost barricade. But, there is no evidence that it was not clearly visible at the time of the accident. The witnesses observed the barricade from points 50 feet to 300 feet north and none testified that it could not be seen in this range of distance north on North Eleventh Street.

Plaintiff Bruno testified he was going about 25 miles per hour as he approached the construction site; that he saw a pair of headlights in the distance on the west side of the road; that when the other car was 150 to 200 feet from him, it swerved into his lane on his (east) side of the street, came head-on at him, and Kramer never turned back (to the west); that at no time after it got into his lane, did it swerve; that Kramer was going over 40 miles per hour; and that he had applied his brakes, pulled to the right as far as possible, and braced himself for the impact which occurred when he was almost stopped. Kramer's car left no skid marks, and the testimony shows the plaintiff left about 15 feet of skid marks.

The questions are whether there was any violation of duty and whether any acts of the defendants could have been the proximate cause of the accident.

There was no negligence in obstructing the street and diverting traffic to the 27-foot strip to the east. The city and contractors under them are relieved of any duty in this respect during construction of public improvements. City of Lincoln v. Calvert, 39 Neb. 305, 58 N. W. 115; Conklin v. Lincoln Traction Co., 130 Neb. 28, 263 N. W. 674. But, it is the continuing duty of a contractor engaged in construction work on a public highway to erect barricades or signs, or otherwise adequately warn the traveling public if the highway is dangerous to travel on or if obstructions are placed thereon. It is a continuing duty as distinguished from a mere condition, and if it can reasonably be found that a violation of the duty proximately causes the accident,

the question is for the jury. Kuska v. Nichols Constr. Co., 154 Neb. 580, 48 N. W. 2d 682; Johnson v. Metropolitan Utilities Dist., *ante* p. 276, 125 N. W. 2d 708.

The continuing duty was performed in this case. The flare barricade and the others actually accomplished the diversion of the Kramer automobile to the safe and unimpeded 27-foot strip to the east of the construction work. It was their duty to warn and timely divert drivers to this section of the road. It is undisputed that this 27-foot area was ample in width and roadway conditions for safe travel. Plaintiff's own testimony is that Kramer, without swerving, came straight on and hit him head-on on the extreme east side of the 27-foot strip. The northern barricade was intact, and there was no contact by the Kramer automobile with any part of the construction work. Kramer was safely past the manhole about 70 feet when he ran into the plaintiff. The utmost reach of plaintiff's testimony is only to the effect that the maximum visibility of the barricade and flicker light was somewhat diminished by some accumulation of dirt. That it was visible and that it accomplished its purpose in this case is uncontroverted. The duty charged to the defendants was performed and there is no evidence to sustain a finding of its violation.

Fatal to plaintiff's case also is the lack of evidence as to proximate cause. Two acts of independent source are not concurrent in causing an injury if one of them merely furnishes a condition by which such injury is made possible, and later such injury occurs through the efficient, self-acting, and independent operation of the other. Johnson v. Metropolitan Utilities Dist., *supra;* Johnson v. Mallory, 123 Neb. 706, 243 N. W. 872. Liability of the doer of the original wrongful act is limited to *reasonably anticipated* injuries immediately brought about by the later independent intervening cause, wrongful or otherwise. The causative risk is limited by the maximum reach of what may be considered reasonably anticipated under the circumstances. See, Johnson v.

Metropolitan Utilities Dist., *supra,* at p. 281; Johnson v. Mallory, *supra;* and Knuth v. Singer, 174 Neb. 182, 116 N. W. 2d 291, where we held that an obstruction on a highway was a condition and not a proximate cause.

After being safely diverted to the 27-foot strip, Kramer drove 150 feet within the strip and to the east side of it, colliding with plaintiff 70 feet past the furthermost part of the hole obstruction. The position of the barricade 150 feet back was a condition. The failure of Kramer to either see what was in front of him or to properly control his automobile, with ample time and opportunity to do it, and to avoid the collision was a subsequent independent act of a third person and an efficient intervening cause, within the meaning of the above rules.

Plaintiff cites on the issue of proximate cause Grantham v. Watson Bros. Transp. Co., 142 Neb. 362, 6 N. W. 2d 372, on rehearing, 142 Neb. 367, 9 N. W. 2d 157; Kuska v. Nichols Constr. Co., *supra;* Johnson v. Mallory, *supra.* In the last two cases, as the court therein points out, the obstruction itself was run into because of a misleading act of the defendant or failure to warn, from which the defendant could reasonably anticipate acts, negligent or not, of third parties which would produce injury.

In Grantham v. Watson Bros. Transp. Co., *supra,* a truck and trailer without flares or warning was avoided by the driver of an automobile and a bystander nearby was struck. A defendant could reasonably anticipate that the truck and trailer would be hit, or that if missed by the swerving action of the driver, that the driver would have no time to avoid colliding with persons or objects such as were present in that case. These cases are clearly distinguishable.

The circumstances of this case bring it within the principles of Knuth v. Singer, *supra;* Steenbock v. Omaha Country Club, 110 Neb. 794, 195 N. W. 117; Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531, 82 A. L. R.

2d 714; and Ricker v. Danner, 159 Neb. 675, 68 N. W. 2d 338.

The evidence in this case shows that there was no violation of duty on the part of the defendants and that any act of theirs was not the proximate cause of the accident.

REVERSED AND DISMISSED.