JOHN BRUNO, APPELLEE, v. EDNA L. KRAMER, ADMINIS-
TRATRIX OF THE ESTATE OF HARRY EWING KRAMER,
DECEASED, APPELLANT.
126 N. W. 2d 885

Filed March 13, 1964.    No. 35570.

Joseph H. McGroarty and Haney, Walsh & Wall, for appellant.

Schrempp, Lathrop & Rosenthal, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

This is an appeal from a judgment in a personal injury case arising out of an automobile accident on North Eleventh Street in Omaha, Nebraska. It originated as a claim against the estate of the decedent Kramer, who was killed in the accident involved. On appeal from county court, the trial of the claim was consolidated with the trial of the case of Bruno v. Gunnison Contractors, Inc., *ante* p. 462, 126 N. W. 2d 477, an original action in district court. Each case was separately docketed, separate pleadings were filed, a separate verdict by the jury was rendered, and came to this court on separate records, briefs, and arguments.

A full review of the facts as to the accident may be found in our former opinion in Bruno v. Gunnison Contractors, Inc., *supra*. We will only review the facts and issues necessary to fully understand the question present in this case. An area on the west side of North Eleventh Street in Omaha was torn up for sewer construction. Decedent Kramer, going south, turned to the left and east of a barricade warning of the obstructions, proceeded about 150 feet south of the barricade on the east side of North Eleventh Street, and ran head-on into the plaintiff who was going north on North Eleventh Street.

Error is assigned in the trial court's order consolidating the cases for trial. Plaintiff Bruno was permitted to testify, over objection raised under the dead man's statute, section 25-1202, R. R. S. 1943, as to the speed, movements, location, and control by decedent Kramer of his automobile immediately preceding the accident. An automobile accident is a "transaction" within the meaning of the statute (§ 25-1202, R. R. S. 1943), and the plaintiff's testimony is barred insofar as it relates to the

actions or movements of decedent's vehicle immediately before or at the time of the accident. Fincham v. Mueller, 166 Neb. 376, 89 N. W. 2d 137. Furthermore, the action is not maintainable in district court as an original cause of action and must originate as a claim against a decedent's estate in county court which has original exclusive jurisdiction with full power to grant relief warranted and "the protection of his rights when the subject of litigation comes within the jurisdiction of the county court." Rehn v. Bingaman, 151 Neb. 196, at p. 203, 36 N. W. 2d 856. The district court's jurisdiction was appellate only in this case. It therefore was not joinable with an original action as ordinarily may be done against two alleged joint tort-feasors. It does not come within the authority for consolidation contained in section 25-703, R. R. S. 1943, because that statute requires that the actions "might have been joined," and gives the right of consolidation to a defendant. The defendant not only did not apply for consolidation of this case with the one against the contractors, but objected throughout the trial to the consolidation and on the ground that the consolidation would result in the reception of inadmissible evidence under the dead man's statute, section 25-1202, R. R. S. 1943. It is urged that the court, independent of statute, has inherent power to consolidate for the purposes of trial and no doubt this is true. This may be done to expedite the reception of evidence, eliminate the multiplicity of hearings and trials, and rests in a reviewable sound discretion of the trial court. Peters v. Meyer, 131 Neb. 847, 270 N. W. 312; 1 Am. Jur., Actions, § 92, p. 476. Both of these authorities gives the court inherent power to consolidate as to "actions that could have been joined in the first instance." As we have pointed out, these two separate cases neither were, nor could they be, joined in an original action in district court. The trial court recognized this difficulty and attempted to cure it by instructing the jury that the inadmissible evidence against decedent

could only be considered by it as against the contractor defendants in the case of Bruno v. Gunnison Contractors, Inc., *supra*. But the jury heard the prohibited evidence, and we feel that no amount of admonition could have prevented a jury from being influenced by this very material, but nevertheless inadmissible, evidence. This was prejudicial error and requires a reversal of the judgment in this case.

Error is assigned because of misconduct of counsel in final argument. The record reveals that no motion for mistrial on account of the alleged misconduct of counsel was made by this defendant and, consequently, it is not before us for consideration.

REVERSED AND REMANDED.

CARTER, YEAGER, and BROWER, JJ., dissenting.

In our opinion the dead man's statute is given too broad an application in Fincham v. Mueller, 166 Neb. 376, 89 N. W. 2d 137. We think the rule therein stated should be modified by giving a reasonable definition of the word "transaction" as used in section 25-1202, R. R. S. 1943.