EARLENE HUENINK, APPELLEE, V. IRVIN COLLINS, APPELLEE, IMPLEADED WITH ETHEL M. COLLINS, APPELLANT.

147 N. W. 2d 508

Filed December 29, 1966. No. 36335.

Merril R. Reller, for appellant.

Marti, O'Gara, Dalton & Bruckner, for appellee Huenink.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ., and FLORY, District Judge.

FLORY, District Judge.

In this case plaintiff and appellee was a guest passenger in an automobile that was in collision with one driven by defendant and appellant, Ethel M. Collins, on September 25, 1962, in the intersection of Sheridan Boulevard and Fortieth Street in Lincoln, Lancaster County, Nebraska. The automobile in which plaintiff was riding had been proceeding easterly on the boulevard, a four-lane thoroughfare divided by a median and protected by stop signs. The defendant had been proceeding southerly on Fortieth Street. The defendants' vehicle was struck near the southwest corner of the intersection. Plaintiff recovered a verdict against defendant Ethel M. Collins for personal injuries sustained.

Appellant in her brief makes 19 assignments of error. Assignments of error Nos. 1, 2, 4, and 9 are not discussed or argued, are without merit, and will not be considered.

Rule 8a2(3), Revised Rules of the Supreme Court, 1963.

Assignments of error Nos. 5 and 6 relate to the admission into evidence of exhibits 2, 3, and 4. Exhibit 2 is a doctor's bill which appears to be typed and signed. Exhibits 3 and 4 are photocopies of bills for medical expense. They were offered and received into evidence. Later during the course of trial, without having been read or shown to the jury, the trial court out of the presence of the jury vacated his ruling on their admission because of lack of foundation. Subsequently, additional foundation having been laid, they were again admitted into evidence. It appears from the brief and an affidavit filed by appellants' counsel after verdict that the bills had originally contained information on them indicating that they had been paid by a collateral insurance source. Appellant complains of this procedure in the treatment of these exhibits. To have handled them otherwise would have been error. "Under the collateral source rule or doctrine, the fact that the party seeking recovery has been wholly or partially indemnified for loss by insurance cannot be set up by the wrongdoer in mitigation of damages, where the wrongdoer did not contribute to the procurement of the insurance." 25 C. J. S., Damages, § 99(2), p. 1013. The assignments of error are without merit.

By assignment of error No. 3 plaintiff complains of admission into evidence of exhibit 5 which was the normal type assignment to plaintiff by her husband of claims for her medical expenses and lost wages. This assignment apparently has also as its basis the fact that the medical expense was recovered from a collateral source and not actually paid by plaintiff's husband and is likewise without merit.

Assignments of error Nos. 7, 8, and 11 have to do with exhibit 6 which was defendants' own answer and cross-petition and was used by plaintiff in an attempt to establish the family purpose doctrine with respect to appellant's automobile. The trial court found as a matter of

law that the family purpose doctrine did not apply and at the conclusion of plaintiff's case dismissed her petition as against appellant's husband. Whereupon plaintiff withdrew exhibit 6. The jury had not seen the exhibit and the only testimony regarding it was as to its identity, its execution, and one question concerning ownership of the appellant's automobile. Certainly there was no prejudice to appellant. These assignments are without merit.

Assignments of error Nos. 10 and 19 have to do with alleged misconduct of plaintiff's counsel during closing arguments. No record was made of closing arguments. No motion for mistrial was made. Long after verdict and judgment appellant attempted to raise this question by affidavits and by the taking of depositions. While we do not condone the misconduct alleged, if true, the law is clear. Where no motion for mistrial, because of alleged misconduct of counsel during final arguments, is made, the issue is not before this court for consideration. Bruno v. Kramer, 176 Neb. 597, 126 N. W. 2d 885. See, also, Sandomierski v. Fixemer, 163 Neb. 716, 81 N. W. 2d 142, for proper procedure to raise this issue.

Appellant argues that the verdict of $7,600 was excessive and suggests that damages for permanent injuries were awarded. The record shows that the jury was not instructed that plaintiff claimed damages for permanent injury nor were permanent injuries as an element of recoverable damages included in the instructions to the jury. Excessiveness of the verdict was not assigned as error and it clearly was not so excessive as to constitute plain error.

Finally, assignments of error Nos. 12 through 18 and the argument thereon attack instructions Nos. 2 through 6, 12, and 13. These instructions have to do with burden of proof, statutes and ordinances in effect at the time of the accident and the violation thereof, definitions, and general and explanatory instructions pertinent to this type case. They are standard instructions. We have

examined them carefully, together with the other instructions given, and conclude that in this case the jury was fully, clearly, and correctly instructed.

The judgment of the district court was without error and should be and is affirmed.

AFFIRMED.