[Civ. No. 8969. Second Appellate District, Division Two.—April 9, 1935.]

MARY TOUHY, Respondent, v. THE OWL DRUG COM-PANY (a Corporation), Appellant.

George L. Greer for Appellant.

Jensen & Jensen for Respondent.

WILLIS, J., *pro tem.*—Respondent recovered judgment in the court below for injuries alleged to have been sustained on August 31, 1930, by reason of her falling to the floor in one of appellant's drug stores as the result of alleged negligent construction and maintenance of a platform and stools thereon along a soda fountain counter therein. The evidence is brief and without substantial conflict. Appellant contends it does not support the finding of negligence and that therefore the judgment based thereon is contrary to law.

Respondent, aged sixty-six years, entered appellant's drug store as an invitee. She made a purchase and then sat on a stool at the soda fountain and drank a soda. Arising, she stepped and fell to the floor, injuring her hip. The stool on which she was seated was 22 to 24 inches high, set on a platform 7 inches above the floor level and which extended 24 inches from the base of the soda counter. The platform and floor were both covered with the same design, size and color of tiles, of an alternating color checkered type. Respondent testified that as she turned around to get off the stool she "thought she was stepping on the floor, and my foot went, and that is all I know until I fell". When asked, "Did you notice the floor or the platform as you stepped off?" she replied, "No sir, I just went to get off, and I thought I was getting on the floor. I thought I was just going to step on the floor, and I didn't know anything more. . . . I didn't notice it." On cross-examination she was asked, "Well, did you step upon the step when you got onto the stool?" and her answer

was, "I don't know how I got up there. I got up some way to the counter and got a soda, and just as I was getting off I tumbled off."

Respondent contends that the negligence of appellant consisted in the maintenance of the platform above the floor level with the same kind of tiles on both, arguing that such arrangement produced an appearance of a common level of the platform and floor and thus produced the effect of confusing and deceiving the ordinary person into the belief that they were on the same level. The court below found that respondent was caused to fall by reason of the negligent and careless manner in which said stool was constructed and maintained. This finding can be supported on no basis other than that of inference of deception and camouflaging effect due to the use of the checkerboard tiling of the same type on both platform and floor.

■ The proprietor of buildings who directly or by implication invites others to go therein owes to such persons who thus enter a duty to have his premises in a reasonably safe condition, and to give warning of latent or concealed perils. He is not an insurer of such persons, nor does the mere occurrence of injury on such premises to such invitee create any presumption of negligence on the part of the proprietor. His responsibility is not absolute; he is only required to use ordinary care for the safety of the persons he invites to come upon the premises. ■ The true ground of liability rests on the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to invitees, over that of the invitee. Where such danger is obvious, or is as well known to the injured invitee as to the owner or occupant, there is no liability. (*Goldstein* v. *Healy,* 187 Cal. 206 [201 Pac. 462]; *Shanley* v. *American Olive Co.,* 185 Cal. 552 [197 Pac. 793]; *Mautino* v. *Sutter Hotel Assn.,* 211 Cal. 556 [296 Pac. 76].)

■ That respondent was deceived by the appearance of the platform and floor into an assumption that they were on a common level, and received her injuries as a direct result thereof, appears clear and uncontrovertible. To maintain such platform and floor in that condition constituted a potential danger to ordinary humanity which might be deceived thereby into a false step with resultant injury, of which danger the proprietor must be presumed to have knowledge superior to that of a casual invitee entering his

premises. Being under duty to maintain such premises in a reasonably safe condition in respect to use thereof by invitees, the owner or occupant is bound by the same duty to take into consideration all the classes and grades of such invitees as they go to make up the ordinary public which enters upon such premises. That only one or two of thousands entering such premises in a period of months fell because of such deception does not affect the rule of liability, but goes to furnish some proof of the camouflaging effect of the use of the same color or design on different levels, especially on floors having platform elevations maintained for the use of patrons. We are of the opinion that the finding of negligence is sustained by the evidence.

The complaint alleged that the accident happened on August 31, 1930, and nothing to the contrary appeared in the evidence at the trial.　　　Appellant in its answer pleaded a written release executed by respondent on August 29, 1930, releasing appellant from all liability to respondent for injuries suffered on or about August 22, 1930, and alleged that on August 29, 1930, respondent released appellant from all claims that had accrued or that might accrue by reason of her claim ''for the injuries and damages set forth in her complaint''. No affidavit denying the genuineness and due execution of the release, which was pleaded *in haec verba* in the answer, was filed by respondent, and hence such status of the instrument is deemed admitted (sec. 448, Code Civ. Proc.). But the affirmative matter pleaded in the answer as above stated was deemed denied. (Sec. 462, Code Civ. Proc.) No evidence was offered or received at the trial in support of such affirmative allegations, and the trial court was therefore justified in finding that such allegations were not true.

After this cause was submitted for decision on this appeal it became obvious that there existed some error in the date alleged in the complaint as to the time of accident or in the dates contained in the release pleaded; for the complaint alleged that the accident occurred on August 31, 1930, whereas the release pleaded recited that it covered an accident occurring on August 22, 1930. Upon this discovery, and by consent of counsel for both appellant and respondent, under authority of section 956a of the Code of Civil Procedure this court ordered the taking of additional evidence

in respect to the date of the accident described in the complaint and of the date of the execution of the release pleaded and of the accident therein described; and also evidence in avoidance of or sustaining the validity of such release, should the evidence connect it up with the accident on which the complaint was founded. Such evidence has been taken and considered by this court, and therefrom it was made to appear without dispute that the accident in question occurred on August 22, 1930, instead of August 31, 1930, as alleged, and that the release pleaded related to that accident and none other. The testimony of plaintiff and her son, on the one side, and of Elwood A. Adamson, a claims adjuster representing the appellant in securing the execution of the release, on the other, was given and has been considered and weighed by this court. It is not necessary to herein repeat the same, but it will suffice for the purpose of this decision to announce that we find that owing to mental weakness, inexperience and intense suffering of respondent at the time of signing the release and accepting the $25 in consideration thereof, she was caused to believe and understand that she was signing a receipt for money advanced by appellant to pay for medicines and a doctor, and that she was not conscious of the fact that she was signing a full release for compensation for her injuries. The evidence also shows that both respondent and the claims adjuster were in ignorance of the nature and extent of respondent's injuries at that time, and that the apparent gross inadequacy of consideration for the release was the result of this mutual mistake as to such injuries and not to any deliberate or intended purpose on the part of the adjuster to secure an unconscionable advantage. Such, however, would be the result in the light of the facts should this release be sustained. Under the proofs we cannot permit such result. We therefore find that the release pleaded is invalid and does not constitute a defense to the right of respondent to recover. We further find that in June, 1931, prior to commencing this action, respondent gave notice of rescission of the release and tendered the sum of $25 to appellant, and that such tender was refused. We conclude, therefore, that the judgment herein should be modified by deducting the sum of $25 therefrom and that as so modified and without further proceedings the same should be affirmed.

The judgment is reduced to $975 and as so modified is affirmed, the costs to be paid by defendant.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 6, 1935.