BERTHA A. CONKLIN, APPELLANT, V. LINCOLN TRACTION COMPANY, APPELLEE.

FILED DECEMBER 6, 1935.    No. 29403.

*Matschullat, Matschullat & White,* for appellant.

*Flansburg, Lee & Sheldahl, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and CARTER, JJ., and MUNDAY, District Judge.

ROSE, J.

This is an action to recover $2,950 in damages for alleged negligence resulting in personal injuries to plaintiff on November 18, 1933, while she was attempting to cross the street-car track of defendant at Twelfth and O streets in the city of Lincoln.

Defendant denied the negligence charged in the petition and pleaded that the injury to plaintiff, if any, was solely the result of her own negligence. The reply to the answer was a general denial.

After plaintiff adduced her evidence, the district court

sustained a motion by defendant to direct a verdict against her. From a dismissal of the action she appealed.

The sufficiency of the evidence to make a *prima facie* case in favor of plaintiff is the question presented by the appeal.

When plaintiff was injured, defendant was engaged in the work of elevating its street railway track on Twelfth street to correspond to a change in the surface of O street where those streets intersect each other at right angles. Twelfth street extends north and south with defendant's street-car track in the center. The pavement was torn up in Twelfth street between the rails of the street-car track in the direct line of the sidewalk on the north side of O street. Bricks, concrete and other rubbish from excavations had been piled outside the rails on both sides of the street-car track, but through the débris there was a lane east and west two feet or more in width. Plaintiff, in approaching the place where she was injured, walked westward on the sidewalk on the north side of O street, started across Twelfth street in a direct line westward, arrived at the lane across the street-car track, stepped over the east rail which stood above the level of the street, attempted to cross on ties, fell and struck her left knee on the west rail and was injured.

The import of the petition is that the injuries to plaintiff were due to negligent and careless construction and maintenance in the making of the improvement. In substance, the petition alleges as negligence: Failure to provide and maintain a safe and proper passage-way for pedestrians; maintenance of an excavation in the lane of pedestrian traffic; leaving a loose tie above the excavation; creating a pitfall beneath the level of the street and beneath the rails and ties of the street-car track; disregard of defendant's duty as to barrier, signal, sign, watchman, temporary walk or other means for the protection of pedestrians at the place of danger.

Plaintiff testified to the absence of watchmen, barriers and signals of danger at the scene of the accident, but evidence of this nature did not prove actionable negligence

of defendant. Where the necessary work of improving or repairing public pavements on streets and sidewalks is in open progress in broad daylight, watchmen, barriers and signals for the protection of the public are not required, since existing conditions at such a time give their own notice of danger, if any. *McCarthy v. City of Boston,* 266 Mass. 262, 165 N. E. 123; *Morton v. Inhabitants of Frankfort,* 55 Me. 46; *City of Rock Island v. Gingles,* 217 Ill. 185, 75 N. E. 468; *Hunter v. City of Montesano,* 60 Wash. 489, 111 Pac. 571. Cases applying a different rule where pedestrians without fault are exposed at night to dangers in streets and sidewalks in absence of lights, barriers or other warnings are not in point.

It was argued nevertheless that there was a negligently created hidden danger at the street-car track, which caused the injuries. Plaintiff testified there were crowds at or near the crossing and that pedestrians were in front of her in the lane and others behind her. She was asked to explain what happened as she crossed the track, and answered as a witness:

"Well, as I got right near the tracks, and was going right after the ones that were crossing over, just as I stepped over the first rail I noticed, I put my foot down on the tie and I noticed there was a deep excavation right there, and rather than step down into it I put my right foot on that tie, and I put my right foot on the tie next to it on the north and stepped ahead, and just as I stepped on it my foot slipped off and away from me and I fell down against the farther rail."

She testified further, in substance: One tie was loose and moved when stepped on; did not notice the excavation until she stepped over the east rail onto the tie with her left foot; ballast between the ties had been removed; excavation or hole perhaps four inches or more below the loose tie; did not know tie was loose when she stepped on it; bricks and mortar on both sides of the track; workman on west rail with blowtorch, engaged in welding. There was also testimony that other workmen were on

duty at the crossing. Plaintiff was corroborated by other witnesses in her testimony to the effect that there was an excavation or hole under a loose tie. The evidence shows clearly that plaintiff observed in advance the conditions as they existed at the place of the injury, with the exception of the excavation or hole and loose tie, and that she could have crossed Twelfth street on the pavement about 10 feet farther north, where there was no excavation or obstruction of any kind. The public improvement in the street had been required by the city of Lincoln and was progressing under direction of the city engineer. The evidence adduced by plaintiff herself presents a typical case for the application of the following general principle of law:

"The duty ordinarily resting upon a city to maintain its streets and sidewalks in a reasonably safe condition for travel in the ordinary mode is remitted during the time occupied in making repairs or improvements." *City of Lincoln v. Calvert,* 39 Neb. 305, 58 N. W. 115. See, also, *City of South Omaha v. Burke,* 3 Neb. (Unof.) 309, 91 N. W. 562.

Plaintiff did not prove in her favor an exception to the general rule stated. There is nothing to show that the excavation was not reasonably necessary to the work in hand or that there was any delay in completing the task. The injury was not caused by any sudden, affirmative act of negligence on the part of defendant. Plaintiff's daughter and others crossed in safety. An eminent court recently said:

"The conditions were the necessary incidents of the reconstruction and repair of the way. While that was in progress the obligation to keep the way in a condition reasonably safe and convenient for travel was suspended. Any one who used the way in daylight did so at his own risk. The work going on was sufficient notice to travelers. The lack of knowledge in regard to it on the part of an uninformed traveler does not revive the liability." *McCarthy v. City of Boston,* 266 Mass. 262, 165 N. E. 123.

The conclusion is that the evidence, in the light most favorable to plaintiff, would not sustain a verdict in her favor. There was therefore no error in the peremptory instruction in favor of defendant.

AFFIRMED.