MARY CARSON, APPELLEE, v. DOBSON BROS. CONSTRUCTION COMPANY, A NEBRASKA CORPORATION, APPELLANT.

147 N. W. 2d 797

Filed January 17, 1967.   No. 36295.

Cline, Williams, Wright, Johnson, Oldfather & Thompson and Fredric H. Kauffman, for appellant.

Merril R. Reller and Donald R. Hays, for appellee.

Heard before WHITE, C. J., BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and C. THOMAS WHITE, District Judge.

WHITE, District Judge.

The plaintiff, Mary Carson, brought suit against Dobson Bros. Construction Company, a Nebraska corporation, for damages on account of personal injuries sustained in a fall into an excavation. The trial resulted in a verdict for the plaintiff of $4,250. Motion for judg-

ment notwithstanding the verdict or for new trial was overruled, and defendant appeals.

The evidence discloses that plaintiff, a housewife and resident of Lincoln, Nebraska, arose prior to 3:30 a.m. on April 19, 1964, to assist her daughters, ages 12 and 14, in the delivery of the Sunday World-Herald newspapers. The plaintiff had done so for a period of about 1 year. Her help consisted of driving her car only. It was a dark night, raining, and foggy. For the purpose of acquainting Mr. Elmer Meyers with the route so that he could deliver the papers when plaintiff and her daughters were out of town, the plaintiff drove her car onto Twelfth Street in Lincoln. Twelfth Street, at the area in question, is a graveled street running north and south. There are no sidewalks along Twelfth Street in the area. The plaintiff approached the Meyers' home from the south and stopped her car south of an alley immediately in front of a large pile of dirt in the roadway. The Meyers' home was north of the alley between Saunders and Dawes Avenues and on the east side of Twelfth Street. The plaintiff left the lights burning on her car, got out, and walked to her right in a northerly direction. There were no lights in the immediate area other than the car lights. The plaintiff followed what she termed a pathway beyond a bush and observed earth ahead of her. She then suddenly slipped or fell into an excavation, suffering injuries. She was able to get out of the ditch and, although confused, went to the Meyers' home where some dirt was washed off her. She was then assisted back over the ditch by Mr. Meyers and driven in her car by Mr. Meyers to her home. Some time later, she was taken to the Lincoln General Hospital where she received medical treatment. The plaintiff testified that she did not know of the existence of the ditch until she fell in, but later discovered that she was walking over a culvert which crossed the ditch and which was covered at the top with earth approximately the level of the earth on either side of the ditch.

Elmer A. Meyers, a witness for the plaintiff, testified that he lived at 2340 North Twelfth Street in Lincoln on April 19, 1964; that his home was west of Fourteenth Street and north of Oak Creek on the east side of Twelfth Street; that his home was on the north side of an alley; that on April 17 or 18, 1964, the defendant dug a ditch for the purpose of laying a telephone cable across Twelfth Street in an east-west direction; that the ditch was deeper than the height of an average man; that the dirt from the ditch was piled on the south side of the ditch in the middle of Twelfth Street; that Twelfth Street is a graveled road; that on the east side of Twelfth Street there was a pathway across the ditch; that there was no light or barricade placed in the pathway; that a culvert crossed the ditch at a right angle in the middle of the pathway; that dirt covered the culvert; and that this condition existed in the morning hours of April 19, 1964. Exhibit 1, a photograph, shows a view of the route plaintiff walked, and discloses the entire area covered with fresh earth, with evidence of foot travel approaching the ditch and the culvert, with fresh earth partially covering the top at the level of the surrounding ground. Exhibit 2, another photograph, shows a view of the ditch and culvert, indicating a tunneling under the culvert. The witness testified that the conditions shown in the exhibits correctly reflected the situation at the time of the incident in question. He testified that, before he assisted plaintiff to her car, he laid a door across the ditch to enable her to cross it.

On cross-examination, Meyers testified that the construction work on Twelfth Street had started a week before plaintiff's accident; that he recalled barricades and that one was placed in front of the dirt pile in Twelfth Street; and that he saw no other barricades.

Arnold Boettcher testified that he is an employee of the safety division, State of Nebraska, concerned with employee safety; that he inspected the site of the injury on April 20, 1964; that he saw no railing, lights, or

barricade at the footpath; that he observed a door that had been used for walking across a ditch; and that he saw no sidewalks in the area.

Arnold Campbell testified that he lived at 2346 W Street and that he was a construction worker; that he visited the area in question about 8:30 a.m. on April 19, 1964; that he observed Twelfth Street, the ditch, a pathway, a metal corrugated culvert across the ditch with dirt on the top of it, but observed no barricades or warning signs along the pathway; and that there were no men or equipment working at the site when he observed it.

The defendant's first assignment of error relates to the trial court's failure to sustain the defendant's motion for a directed verdict, made at the close of plaintiff's case. The defendant asserts that plaintiff failed to prove the defendant negligent, and failed to prove that the negligence of the defendant, if any, was the proximate cause of plaintiff's accident and injuries, that the evidence showed that the plaintiff was guilty of contributory negligence as a matter of law, and that plaintiff voluntarily assumed the risk.

The duty to maintain streets and sidewalks in a reasonably safe condition for travel it remitted during the time occupied in making repairs. Conklin v. Lincoln Traction Co., 130 Neb. 28, 263 N. W. 674.

The defendant was an independent contractor engaged in the installation of an underground telephone cable. The plaintiff does not question defendant's right to excavate in the area nor its right to suspend travel across Twelfth Street.

There is no evidence tending to show that the excavation was constructed in an irregular manner nor that the purpose for which the excavation was made was not reasonable. The plaintiff does assert that the ditch was allowed to remain open an unreasonable length of time. The evidence indicates that the excavation on Twelfth Street was begun on or before April 17 or 18, 1964, and plaintiff's accident happened in the early morning hours

of April 19, 1964. No evidence was adduced that the work was not diligently pursued, nor that the work was completed prior to April 19, 1964, so that the ditch could have been filled. Fresh cement was laid in the bottom of the ditch on April 18, 1964.

The plaintiff further contended in the lower court that the negligence of the defendant consisted of leaving the ditch open and exposed across an area where people were accustomed to walk, and in failing to warn travelers of the ditch or erecting a suitable barricade.

The plaintiff does not assert, nor have we discovered, any duty by which the defendant was required to furnish a pathway across the open ditch to the public. The crux of plaintiff's case is to the point that the defendant had knowledge that the general public was using the area on the east side of Twelfth Street across the culvert as a pathway, that the condition was dangerous, and that the defendant failed to warn the public of such danger by the erection of a suitable barricade and lights. Plaintiff introduced no evidence showing the use of the pathway by the public. Defendant's evidence was to the effect that the footprints were made by workmen.

It is the continuing duty of a contractor, engaged in construction work on a public highway, to erect barricades or signs, or otherwise adequately warn the traveling public if the highway is dangerous to travel. Bruno v. Gunnison Contractors, Inc., 176 Neb. 462, 126 N. W. 2d 477.

That the defendant placed a barricade in Twelfth Street to warn travelers is not disputed. There were no sidewalks across which to place a barricade. The plaintiff stopped her car at the barricade and saw the large pile of earth on Twelfth Street. She was apprised that travel in the highway was dangerous. In spite of this warning, she walked onto a poorly lighted pathway in an area where no sidewalk existed, at night, with no knowledge of the condition of the pathway. Thereupon, she stepped onto the culvert which crossed the ditch, fell,

and was injured. The evidence discloses that plaintiff could have approached the Meyers' house from the north without exposing herself to any hazards.

The plaintiff relies on Kuska v. Nichols Construction Co., 154 Neb. 580, 48 N. W. 2d 682. There, the plaintiff, a guest passenger, sued the defendant construction company for personal injuries alleged to have been caused when the car in which she was riding collided with a pile of gravel which the defendant caused to be placed on the highway, without warning of the obstruction or barricading the obstruction. The court held that failure to warn the traveling public that the highway was dangerous to travel, or of obstructions, is continuing negligence as distinguished from a condition. In the instant case, the plaintiff, after having observed a barricade and taken note of the dangerous condition, proceeded into the area of danger. The case is distinguishable on the facts.

The plaintiff also cites King v. Douglas County, 114 Neb. 477, 208 N. W. 120, in which the evidence discloses that during the construction of the Lincoln Highway near Elkhorn, Nebraska, the county maintained a by-pass road. It was established that no barricades or signs were erected to warn the drivers using the by-pass of its dangerous condition or that the road was closed, and that plaintiff's intestate was directed by defendant contractor's employees to use the by-pass. The plaintiff's intestate was killed in an accident thereon. The court held that the county was liable by reason of the unsafe condition of the by-pass.

The plaintiff also relies on Simonsen v. Torin, 120 Neb. 684, 234 N. W. 628, 81 A. L. R. 1000, a case in which the defendants, without fault in the operation of a truck, struck a trolley pole and knocked it into the street, obstructing the street. The plaintiff, a passenger in a car, brought suit for personal injuries sustained when the car in which she was riding collided with the pole in the street. The court held that the negligence of the defendants consisted not in having placed an obstruction in a

public highway but in failing to either remove the obstruction or to warn the traffic on the highway of the dangers incident to the obstruction. The cases are distinguishable on their respective facts.

Plaintiff further relies on Village of Ponca v. Crawford, 23 Neb. 662, 37 N. W. 609, 8 Am. S. R. 144, and City of Beatrice v. Forbes, 74 Neb. 125, 103 N. W. 1069, for the proposition that contributory negligence, as a matter of law, is not imputed to a traveler from the mere fact that he attempts to pass over a street that is obstructed or out of repair, provided that the obstruction or other defect is such that a man of ordinary intelligence would reasonably believe that, with proper caution and care, he could pass with safety notwithstanding the defect. In each of these cases, the condition was discovered and known. In the instant case, the plaintiff, with warning of danger and without knowledge of the condition of the path, disregarded both warning and lack of knowledge.

The obligation of the defendant was to warn the traveling public of obstructions in the highway. The plaintiff, by her own acts, placed herself in a position where injury could reasonably be expected to occur, after disregarding a warning of danger.

We do not say that the defendant, or other persons similarly situated, is relieved from the duty of warning the public of a dangerous crossing of an excavation where evidence is introduced showing or tending to show that the path was used by the public with actual knowledge by the defendant, or under circumstances tending to show that the use by the public should have been known to the defendant.

We conclude that the plaintiff was contributorily negligent as a matter of law, that such negligence was more than slight, and that the trial court erred in failing to dismiss the plaintiff's petition.

The defendant raises other assignments of error, but it is not necessary to discuss them.

REVERSED AND DISMISSED.