WAYNE W. LYON, APPELLANT, v. PAULSEN BUILDING & SUPPLY, INC., A CORPORATION, APPELLEE.

160 N. W. 2d 191

Filed July 5, 1968. No. 36884.

Johnson, Kelly, Evans & Spencer, for appellant.

Maupin, Dent, Kay, Satterfield & Gatz, Donald E. Girard, and Gary L. Scritsmier, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an action by Wayne W. Lyon against the Paulsen Building & Supply, Inc., to recover damages for personal injuries and property damage sustained when Lyon drove his pickup truck into an excavation in a public highway under construction. At the close of plaintiff's evidence, the trial court directed a verdict for the defendant and plaintiff has appealed.

The accident occurred on May 26, 1964. On this date, defendant was engaged in reconstructing a section of State Highway No. 2 between Merna and Anselmo under a contract with the state. The plaintiff was a farmer living 1 mile north and ½ mile west of Merna. His farm home is approximately ½ mile west of State Highway No. 2 and is visible from the scene of the accident. On the day of the accident, the highway between Merna and Anselmo, a distance of 11 miles, was under construction which included the replacing of culverts across the road. This section of the highway was closed to traffic, except local traffic, by barricades and signs located at Merna and Anselmo, all of which the plaintiff knew.

On May 26, 1964, plaintiff left his home about 4 p. m., in his father's pickup truck to join his farm help at what he terms the Northeast Field some 7 or 8 miles distant. He went east, crossed State Highway No. 2, and continued on to the county road, followed it to the township road on which he proceeded east to the Northeast Field. He found the township road poorly maintained and for this reason did not return home by the route taken in going to the Northeast Field.

Plaintiff and his son-in-law, Jack Rush, left the Northeast Field about 8:30 p. m. It was then dusk. It was a cloudy, damp day. Plaintiff was driving his 1963 International pickup truck and Rush was occupying the

right side of the seat as a passenger. They proceeded 1 mile north, there, turned and proceeded directly to State Highway No. 2, and turned south on this highway, the one under construction.

Plaintiff proceeded south on the right-hand side of the road at a speed of 45 to 50 miles per hour. His headlights were on. After driving a short distance it began to rain and he turned on his windshield wipers. He testified that thereafter he had visibility for 150 to 200 feet.

Plaintiff further stated that as he approached the place where the accident occurred, he first saw two dark, rusty, tubular culverts lying across the left lane, one of which extended a few feet into his driving lane. He reduced his speed by hitting his brakes rather sharply, determined that his lane was open to permit his passage, and continued on. He failed to observe a by-pass road to the west, his right, a short distance north of the tubular culverts. He testified that he first thought the tubular culverts were a barricade, determined that they were not, released his brakes, and proceeded on. He saw dirt on the pavement ahead, assumed that it was a fill left high for settling, and decided to roll through it. He stated that the terrain ahead appeared to be rough and he braced himself, held his wheels straight ahead, and prepared for a rough, jostling ride in the pickup. He went through the dirt and into a culvert excavation which he said he did not see until he was within 4 to 6 feet from it and too late to stop. It is for his personal injuries and the damages to the pickup thus sustained that constitute the basis of the present action.

For the purposes of this case, we assume that negligence by the defendant is established. The issue before us is whether or not the plaintiff was guilty of such contributory negligence as a matter of law as to defeat a recovery. The trial court found that he was and we affirm the judgment.

In Miller v. Abel Constr. Co., 140 Neb. 482, 300 N.

W. 405, this court said: "We are merely holding that the duty to use reasonable and ordinary care on the part of a traveler on a highway under construction requires the exercise of a greater degree of caution than on an open highway open to the general public. * * * In view of this duty of a traveler on an uncompleted highway, the correct rule prescribing the duty of the defendant contractor is that, where a highway undergoing construction has not been completed by the contractor or accepted by proper authorities and is being used permissively in a limited manner by local residents, it is only required that the highway be kept and maintained in a reasonably safe condition for the use of those traveling thereon who are at the time exercising reasonable care, under the peculiar circumstances and conditions by which they are at the time confronted, by keeping a constant lookout and vigilant caution for obstructions incident to the progress and completion of the work."

A highway contractor is not required in the exercise of reasonable care to place signals or flares at intermediate places on a highway under construction in order to give notice that machinery is being used thereon or that defects due to construction exist, where warning signals and barricades at the termini thereof give notice that the highway is under construction and the condition of the highway itself shows that it is under various stages of completion. In the instant case the plaintiff knew that the highway was under construction and he is in no position to complain of the failure to give notice of a fact which he had actual knowledge. See Miller v. Abel Constr. Co., *supra.*

In Ellingson v. Dobson Brothers Constr. Co., 173 Neb. 659, 114 N. W. 2d 522, we said: "Under the decisions of this court it must be said that the plaintiffs had the right to use this highway though it was under repair. This right however was not without limitation. The duties of the party making the repairs and of the plain-

tiffs were stated in Fahrenbruch v. Peter Kiewit Sons' Co., 148 Neb. 460, 27 N. W. 2d 680, as follows: '* * * where a highway under construction or repair is being used permissively in a limited manner by adjacent residents, it must be kept and maintained by the contractor in a reasonably safe condition for the use of those driving thereon, who are at the same time required to exercise reasonable care under the peculiar circumstances and conditions confronting them by keeping a constant lookout and vigilant caution for obstructions incident to the progress and completion of the work.' "

The plaintiff in this case knew that the highway was under construction. He proceeded on the highway at a speed of 45 to 50 miles per hour until he saw the tubular culverts lying across the left-hand lane of the road 150 to 200 feet ahead. Thinking that they were a barricade, he applied his brakes. On discovering their true nature and seeing that he had room to pass, he released his brakes and continued on. In the meantime he had failed to observe the by-pass road. He ignored the tubular culverts partially across the surface of the road as a warning and continued on his way. He saw the dirt on the near side of the excavation and assumed that it was a fill left high for settling. Instead of proceeding with a constant lookout and with vigilant caution, he elected to roll through the dirt pile without any knowledge of what lay beyond it. With these existing evidences of dangerous conditions in plain sight, he proceeded into the area of danger. This is negligence and constitutes contributory negligence more than slight as a matter of law. Instead of proceeding with due care and caution with warnings of danger in plain view, he braced himself for a rough ride, rolled on through the dirt pile and into the open excavation. With knowledge that the highway was under construction, with warnings of possible danger ahead, and without any knowledge of the condition of the road beyond the dirt pile, the plaintiff, by his own negligent acts, pur-

sued a course of conduct that could reasonably be expected to produce personal injury and property damage. Such conduct constitutes contributory negligence sufficient to bar plaintiff's claim for damages as a matter of law.

When a user of a public highway is warned by proper devices or barricades of an obstruction or excavation in the road and he voluntarily elects to continue, without knowledge of the conditions existing around the obstruction or excavation, thus placing himself in a position of danger, such conduct constitutes contributory negligence as a matter of law sufficient to bar a recovery. Carson v. Dobson Bros. Constr. Co., 181 Neb. 287, 147 N. W. 2d 797.

"In an action based on negligence to which the comparative negligence rule has application wherein the evidence shows beyond reasonable dispute that the plaintiff's negligence was more than slight in comparison with that of the defendant the action should be dismissed or verdict directed." Rogers v. Shepherd, 159 Neb. 292, 66 N. W. 2d 815. See, also, Kirchner v. Gast, 169 Neb. 404, 100 N. W. 2d 65.

An affirmance of the judgment of the district court is required.

AFFIRMED.