DAVID M. GORGES, BY AND THROUGH HIS FATHER AND NEXT FRIEND, FRED M. GORGES, APPELLANT, V. DOBSON BROTHERS CONSTRUCTION COMPANY, A CORPORATION, APPELLEE.

187 N. W. 2d 91

Filed May 21, 1971. No. 37738.

J. L. Krause and William L. Howland, for appellant.

Cline, Williams, Wright, Johnson & Oldfather and Fredrick H. Kauffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This action was brought by Fred M. Gorges, as the father and next friend of David M. Gorges, to recover damages for injuries to David caused by a lawnmower accident that occurred on May 25, 1964. A companion case, No. 37739, is an action by Fred M. Gorges for the medical and hospital expenses incurred and the loss of David's services.

The trial court dismissed the action at the close of the plaintiff's evidence. The plaintiff appeals.

The petition contained two causes of action. The first cause of action alleged that the accident was caused by the negligence of the defendant Dobson Brothers Construction Company.

The record shows that the defendant was constructing a water main along L Street to the south of the Gorges property in Lincoln, Nebraska. As a part of the project the defendant had excavated a trench approximately 3 feet wide and parallel to L Street. The centerline of the trench was 3 feet north of the curb line of L Street and 14 feet south of the property line of the Gorges property. Sod had been removed from an area approximately 18 inches wide along the north edge of the trench.

On May 25, 1964, the pipe had been installed and most of the trench had been backfilled. A part of the trench lying west of the Gorges driveway had been left open because testing, cleaning, and sterilization procedures had not been completed.

The accident happened at about 4:45 p.m. The weather was cloudy but dry. Michael Gorges, one of David's older brothers, had been mowing the lawn west of the driveway and north of the trench. He was using a riding-type power mower equipped with a steering mechanism, a throttle, a forward or reverse lever, and a clutch. The mower cut a swath approximately 18 inches wide. Michael made two rounds with the mower and then stopped near the house to get a drink of water.

David, with his mother's permission, then commenced to mow.

David was within 2 weeks of being 11 years old. He had been instructed by his father in the use of the power mower but had not had much experience in the operation of the mower.

David operated the mower to the south, parallel to the driveway, and then turned west and traveled parallel to the trench. Near the west end of the trench he started to turn to the north when he came upon a wooden stake lying in the grass. He stopped the mower, placed it in reverse, backed to the east and then to the south. One rear wheel of the mower dropped into the trench and then both David and the mower fell into the trench. While trying to protect himself from the mower, which was still running, his right hand struck the blade. The injury resulted in the loss of most of his right hand.

The trench had been open for about 2 weeks. There was a barricade at the west end of the trench, a barricade at the east end of the trench, and a barricade in the street south of the trench. There was no barricade or other protective or warning device on the north side of the trench. David testified that he was "aware the ditch was there" when he was operating the mower parallel with the trench.

The plaintiff alleged that the defendant was negligent in failing to maintain barricades, signs, fences, railings, and watchmen at the excavation; in failing to maintain a covering over the excavation; and in leaving the excavation open longer than was reasonably necessary.

There was no evidence of negligence on the part of the defendant in leaving the excavation open longer than was reasonably necessary. The evidence showed that the testing and sterilization procedures performed by the city were not completed until May 28, 1964, and that the excavation had been left open to facilitate these procedures.

So far as signs and barricades were concerned, the

evidence shows that there were barricades on three sides of the excavation. The accident happened in daylight, the excavation was open and obvious, and David knew about the excavation and was aware of it while he was operating the mower nearby.

Although located north of the curb line of L Street, the excavation was actually situated in L Street. The duty of a contractor engaged in construction work on a public highway is generally to *warn* the public that the highway is dangerous to travel. Carson v. Dobson Bros. Constr. Co., 181 Neb. 287, 147 N. W. 2d 797. Although a barricade should be an obstruction or impediment to travel, there is ordinarily no duty upon the contractor to erect a structure that will prevent a forcible entry into the area of construction. There was no duty upon the defendant to erect such a structure along the north side of the excavation in this case.

Hickman v. Parks Constr. Co., 162 Neb. 461, 76 N. W. 2d 403, 62 A. L. R. 2d 1040, cited by the plaintiff, involved an accident at night in an excavation, not in a street or highway, and not properly protected by lights, barricades, or other warning.

We think the evidence in this case failed to establish any negligence on the part of the defendant that would permit a recovery by the plaintiff and justify submitting the case to the jury.

The second cause of action alleged that the defendant had breached its contract with the city which required the defendant to take reasonable precautions to protect the public from injury. The specifications alleged by the plaintiff in this cause of action were substantially the same as those alleged in the first cause of action. However, there was nothing alleged or proved in regard to the second cause of action which established any greater duty upon the defendant than that imposed by the general law. Thus, there was a failure to create a jury question on this cause of action.

It is unnecessary to consider the other assignments of error.

The judgment of the district court is affirmed.

AFFIRMED.