DALE JEFFREY, APPELLANT, V. FRED RETZLAFF, APPELLEE.

190 N. W. 2d 436

Filed October 29, 1971. No. 37914.

Lloyd I. Bevans, William L. Walker, and Earl Ludlam, for appellant.

M. J. Bruckner of Marti, O'Gara, Dalton & Bruckner, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

In this personal injury action, the district court directed a verdict for the defendant at the close of the plaintiff's evidence and dismissed the case. The plaintiff has appealed. We affirm the judgment of the district court.

At the time of the accident, the plaintiff was a shareholder and an officer employee of J.H.J. Enterprises, Inc., a closely held farm corporation. The defendant, a farmer, was under contract with the corporation to pick, shell, and dry corn. The defendant moved his corn dryer to a farm owned by the J.H.J. Enterprises, and the accident happened in connection with the corn drying operation.

On the morning of the accident, plaintiff arrived on the premises about 8 a.m. and found the defendant attempting to start the tractor. The corn dryer was powered by the defendant's tractor by attaching the power take-off shaft on the tractor to the shaft on the dryer. The defendant had difficulty in starting the tractor and asked the plaintiff to help start it by pulling it

with his truck. The evidence shows that this was an operation that was often necessary with this particular tractor. After starting the tractor, the defendant backed it into the necessary position for connecting the power take-off shaft to the shaft on the dryer. The evidence shows that the power take-off shaft rotated freely while the engine was running, whether or not the power take-off was in gear. The customary procedure in making the hook-up was to stop, take the power take-off out of gear, and then stop the rotation of the shaft by taking hold of the smooth part with the hand. The evidence shows that the plaintiff had observed the defendant doing this on several occasions. On this particular morning, the defendant complained of sore thumbs and asked the plaintiff to make the attachment. At the time of the accident, the defendant was sitting on the tractor and the motor was running.

The plaintiff took hold of the smooth part of the power take-off shaft with his left hand but was unable to stop its rotation. Thinking he could get a better grip, he grabbed the splined part of the shaft with his right hand. Immediately, his glove was caught and his hand whirled around the shaft injuring his thumb so badly that it eventually had to be amputated.

The evidence is undisputed that the plaintiff was 29 years of age, and had lived on a farm and worked with farm machinery for as long as he could remember. He testified he had heard of other people being injured by grabbing a power take-off shaft on the splined end, and concedes he should have known that such an act was dangerous. The evidence indicates, from the testimony of both the plaintiff and the defendant, that the proper method of stopping the shaft was to grasp the smooth portion. Summarizing, the evidence in this case shows that the plaintiff was as fully aware of the danger in grabbing the splined portion of the shaft as the defendant. As recently as Schild v. Schild, 176 Neb. 282, 125 N. W. 2d 900, this court has said: "Ac-

tionable negligence does not exist even if no care is exercised to avert a risk to another person subject to such risk if such risk should have been reasonably apprehended by such other person himself." In the above case, this court said as follows: "The plaintiff had been in possession of knowledge of the situation as well as had the defendant, * * *. The plaintiff was in possession of as much information at the time as was the defendant, and voluntarily, so far as the record discloses, took his position of his own accord and volition. * * * The record indicates without controversy that the plaintiff was as fully informed as to cause as was the defendant."

The rotating gear itself warned of engagement. The plaintiff and the defendant both knew that the twisting action could be generated by either the centrifugal motion of oil in the gear case or the actual tooth engagement of the gears. As we have mentioned, the plaintiff himself was completely aware that the grasping of the smooth portion of the shaft was the only way to avoid the obvious danger of grasping the splined portion of the shaft. The plaintiff charges negligence in the failure of the defendant to disengage the power take-off. There is no evidence in the record to support an allegation or finding that the power take-off was engaged or the defendant had knowledge of it.

We have recently said that when one knows a dangerous condition exists, appreciates its dangerous nature and deliberately exposes himself to such danger, he assumes the risk of injury from it. Disney v. Butler County Rural Public Power Dist., 183 Neb. 420, 160 N. W. 2d 757; Fitchley v. Love-Courson Drilling Co., Inc., 177 Neb. 455, 129 N. W. 2d 515.

Ordinarily questions of negligence, contributory negligence, and assumption of risk are for the jury. However, where the evidence of assumption of risk is so clear that reasonable minds can reach no other conclusion, a directed verdict for the defendant is proper. The evidence in this case clearly shows assumption of

risk sufficient to bar recovery. The plaintiff knew and comprehended the danger of grasping the splined end of the power take-off shaft and deliberately exposed himself to this danger, which was the proximate cause of the injury.

The district court correctly directed a verdict for the defendant and its judgment is affirmed.

AFFIRMED.

BOSLAUGH, J., dissenting.