ORVAL O. JENSEN, APPELLEE, V. HAWKINS CONSTRUCTION COMPANY, APPELLANT, IMPLEADED WITH SCHOOL DISTRICT # 66 OF DOUGLAS COUNTY, NEBRASKA, APPELLEE.

226 N. W. 2d 346

Filed February 27, 1975. No. 39552.

Harry L. Welch and Harold W. Kauffman of Gross, Welch, Vinardi, Kauffman & Day, for appellant.

Morsman, Fike, Davis & Polack and David S. Lathrop and Richard L. Swenson of Lathrop, Albracht & Dolan, for appellee Jensen.

Edwin Cassem of Cassem, Tierney, Adams & Henatsch, for appellee School Dist. # 66.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

McCOWN, J.

This is an action for personal injuries sustained by the plaintiff, Orval O. Jensen, a licensee, in a fall on a concrete floor in an auditorium then under construction by the defendant, Hawkins Construction Company. The jury returned a verdict against the defendant Hawkins in the sum of $30,000 and the defendant has appealed.

Plaintiff is a counselor at Westside High School in Omaha, Nebraska. On November 5, 1970, at 8:30 a.m., Mr. Urosevich, a parent of one of the students, met with the plaintiff in plaintiff's office in the school building. An auditorium addition to the school building had been

under construction by the defendant, Hawkins Construction Company, for some time, but was not yet fully completed. At the conclusion of plaintiff's conference with Mr. Urosevich, the plaintiff offered to show the new auditorium to Mr. Urosevich and the two men proceeded to the auditorium, which is connected to the main building by a hallway.

At the end of the hallway there are steps straight ahead that go up to the balcony of the auditorium and steps to the left and right which descend to the foyer across the rear of the main floor. Plaintiff and Mr. Urosevich went down the steps leading to the foyer and saw no ropes, sawhorses, signs, or warnings of any kind at the top of the steps. One of four double-door entrances to the auditorium was immediately ahead of them. The right-hand door was open and swung back against the wall. As they approached, they saw no warning signs. There was some illumination but it was not lighted too well. As the plaintiff entered the auditorium, he observed that the concrete floor in the auditorium looked like it was wet. Plaintiff had been in the area previously with other faculty and parents and was acquainted with it.

The plaintiff walked into the auditorium first and Mr. Urosevich was a step or two behind him. The plaintiff took one or two steps into the auditorium and fell, injuring his back. The surface of the floor was extremely slippery and plaintiff slipped at the point where the floor starts to slope down. The substance on the floor was a floor sealer which is placed on the concrete and operates as a hardening agent. The sealer is extremely slippery when wet and has a noxious odor. It was described as "slicker than ice."

The defendant's employees had begun to apply the sealer at 8 a.m. that morning. Prior to commencing the work, the project superintendent had placed a makeshift sign on the outside of each of the four entrances. The sign at the entrance involved was an 8½ x 11-inch

piece of white notepaper taped to the door handle. Handprinted on it were the words "Sealing Floor. Keep Out." There were no locks on the doors and when the door was open and back against the wall, the sign was hidden. There is no evidence in the record as to how the door was opened nor as to how long it had been open before the plaintiff and Mr. Urosevich arrived. Five of defendant's employees were working in the auditorium at the time of the accident.

The plaintiff was treated as a licensee for purposes of submission of the issue of defendant's negligence to the jury and there is no dispute here as to that issue. The jury verdict was for the plaintiff in the sum of $30,000.

The defendant contends it was entitled to a directed verdict upon the ground that there was insufficient evidence of defendant's negligence to go to the jury; that the plaintiff was guilty of contributory negligence as a matter of law; and that the court erred in holding that the plaintiff did not assume the risk of injury under the facts here. The parties concede, for the purpose of this appeal, that the plaintiff was a licensee and that as to a licensee the duty of an occupier is to give notice of traps or concealed dangers. See Von Dollen v. Stulgies, 177 Neb. 5, 128 N. W. 2d 115. The defendant's position is that the warning placed on the door was all the warning that was required, and that because the door was opened by some unknown persons, the action of such unknown persons became an efficient intervening cause, which relieves the defendant from liability to warn. Here the court instructed the jury that the negligence of the defendant had to be the proximate cause of plaintiff's injury and defined proximate cause as "that cause which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury or damages." The defendant did not request any instruction defining efficient intervening cause.

A party is answerable only for the natural, probable, reasonable, and proximate consequences of his acts; and

where some new efficient cause intervenes, not set in motion by him, and not connected with but independent of his acts and not flowing therefrom, *and not reasonable in the nature of things to be contemplated or foreseen by him,* and produces the injury, it is the dominant cause.

If the original negligence is of a character which, according to the usual experience of mankind, is liable to invite or induce the intervention of some subsequent cause, the intervening cause will not excuse it, and the subsequent mischief will be held to be the result of the original negligence. See Egenberger v. National Alfalfa Dehydrating & Milling Co., 164 Neb. 704, 83 N. W. 2d 523.

In reality the issue here is not whether the person who opened the door and moved the sign was an intervening cause but, instead, is whether or not the defendant could have reasonably foreseen the possibility that under the factual circumstances present here someone might open the door and hide the sign. Under the evidence here, that issue was for the jury.

It is also argued that the floor sealer here was not the type of hidden danger or trap which required a licensee to be warned but was an open and obvious condition. Section 342, Restatement, Torts 2d, provides: "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

"(a) the prossessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) the licensees do not know or have reason to know of the condition and the risk involved."

Comment c to that section states: "The possessor's duty also arises if he has had peculiar experience which

enables him to realize the risk involved in a condition which he should recognize as unlikely to be appreciated by his licensee as an ordinary man or where he knows that his licensee's experience and intelligence is likely to prevent him from appreciating the risk which is appreciable by a man of ordinary experience and judgment."

There is no evidence here that any ordinary man in the position of the plaintiff could or should have known that the liquid on the floor was concrete sealer which was extremely slippery and slick as ice. A duty to warn may arise even though a defect or condition is in fact open and obvious where the circumstances are such that there is reason to believe the risk of harm involved would not be anticipated or appreciated. Although we find no case involving a concrete floor sealer, analogous factual situations support the conclusion that the jury could and did find the floor sealer here created a deceptive condition not apparent to an ordinary individual and as to which the defendant had a duty to warn a licensee. See Touhy v. Owl Drug Co., 6 Cal. App. 2d 64, 44 P. 2d 405.

The defendant also contends that plaintiff was guilty of contributory negligence as a matter of law, and that the issue should not have been submitted to the jury. The defendant argues that plaintiff knew the auditorium was under construction and saw the wet appearance of the floor, and argues from that that the danger was open and obvious and plaintiff was therefore contributorily negligent as a matter of law.

We have held many times that to constitute want of due care it is not required that a person should have anticipated the exact risk which occurred or that the peril was a deadly one; it is sufficient that he places himself in a position of a known danger where there was no need for him to be or that he knew or should have known that substantial injury was likely to result from his act. See Lorence v. Omaha Public Power Dist., 191 Neb. 68, 214 N. W. 2d 238.

The question of the existence of negligence or contributory negligence is for the trier of facts where different minds may reasonably draw different conclusions from the evidence. Niemeyer v. Tichota, 190 Neb. 775, 212 N. W. 2d 557. In this case, reasonable minds might well disagree as to whether the plaintiff knew or should have known of the danger, or appreciated the risk of harm involved.

Finally, the defendant contends that the court erred in failing to submit the issue of assumption of risk to the jury. The defense of assumption of risk presupposes (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom; and (3) that he voluntarily exposed himself to such risk. Therefore, except where he expressly so agrees, a plaintiff does not assume a risk of harm arising from the defendant's conduct unless he then knows of the existence of the risk and appreciates its unreasonable character, or the danger involved, including the magnitude thereof, and voluntarily accepts the risk. See 57 Am. Jur. 2d, Negligence, § 281, p. 674. It is essential to the application of the doctrine of assumption of risk that the plaintiff have knowledge of the unreasonable character of the risk. See Knutson v. Arrigoni Bros. Co., 275 Minn. 408, 147 N. W. 2d 561. Here there is no evidence that the plaintiff had knowledge of the dangerous character of the condition nor appreciated the risk of harm involved. The issue of assumption of risk was properly withheld from the jury.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein for the reason that the motion for judgment notwithstanding the verdict should have been sustained. At most, the plaintiff was a mere licensee, subject to the rights and obligations of a licensee so far as Hawkins

Construction Company was concerned. A licensee, who comes upon premises by virtue of the possessor's consent, either by invitation or permission, express or implied, takes the premises as he finds them and the duty of the possessor is not to willfully or wantonly injure the licensee, and in this connection the possessor has a duty to give warnings only of traps or concealed dangers. See Van Dollen v. Stulgies (1964), 177 Neb. 5, 128 N. W. 2d 115.

There was no opportunity for Hawkins' employees to do more than they did in the circumstances herein. They placed a warning sign on the doors and the doors were closed. If the door was open when the plaintiff entered about 9:45 a.m., it was opened by persons unknown to the defendant Hawkins. I cannot believe that Hawkins was required to post a guard on the door to see that it was not opened to keep out curious trespassers.

The slippery floor was in plain sight. In fact, the plaintiff admitted that he saw the wet floor before he entered the auditorium. Under the circumstances I cannot understand why this would not be sufficient to alert plaintiff to the possibility he should not step on the floor. The fact that it was more slippery than he anticipated does not convert it into a trap or concealed danger known to the defendant and unknown to and unobservable by the plaintiff in the exercise of ordinary care. Yet, this is the holding in the majority opinion. In my judgment, the plaintiff failed to establish liability on the part of Hawkins Construction Company.

BOSLAUGH, J., joins in this dissent.