MARCOS GARCIA, APPELLANT, V. KEITH LEROY
HOWARD, APPELLEE.

262 N. W. 2d 190

Filed February 8, 1978.  No. 41334.

Louis M. Leahy of Leahy, Washburn & Render, for appellant.

John R. Douglas and Terry J. Grennan of Cassem, Tierney, Adams & Gotch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Marcos Garcia, plaintiff and appellant herein, filed this action against Keith Leroy Howard, defendant and appellee herein, alleging that the defendant had negligently backed his automobile into a parking space and struck the plaintiff, proximately causing injuries to the plaintiff. The plaintiff alleged that the defendant was negligent in failing to keep and maintain a proper lookout as he backed his vehicle; in failing to yield the right-of-way to the plaintiff; in failing to keep his vehicle under reason-

able and proper control; and in backing his vehicle at an excessive rate of speed.

In his answer, the defendant denied plaintiff's allegations of negligence, and set forth the defenses of contributory negligence and assumption of risk. At the close of plaintiff's evidence to a jury, defendant moved for a directed verdict or a dismissal of the action on the grounds that plaintiff's evidence failed to establish a cause of action against the defendant; that plaintiff had failed to prove by competent evidence that any negligence on the part of the defendant was the proximate cause of the accident; that plaintiff was guilty of negligence more than slight, when compared to the negligence of the defendant, as a matter of law; and that plaintiff had assumed the risk of injury to himself at the time and place of the accident. The trial court sustained defendant's motion on all the grounds stated above. Plaintiff has appealed to this court, contending that the trial court erred in sustaining defendant's motion. We affirm the judgment of the District Court.

Plaintiff's automobile was parked in a parallel parking space on the south side of Howard Street, between 18th and 19th Streets, in Omaha, Nebraska. Defendant's car was parked in the parking space directly in front of plaintiff's car, both vehicles facing to the east. Plaintiff had procured new license plates for his vehicle at the City-County Building, and had returned to his car and immediately began to affix the new plates to his car while it was still parked on Howard Street. Plaintiff had difficulty with the front license plate because of a defective bolt, and spent approximately 25 minutes trying to affix the front plate to his car.

Defendant returned to his automobile while the plaintiff was still attempting to put the front plate on his vehicle. Defendant testified he approached his car from the east and got in, unaware that the plaintiff was between the rear of his car and the front of

plaintiff's car.  The defendant started his car and let the motor idle approximately 15 seconds.  He stated that he then looked in his inside, rearview mirror, saw nothing behind his car other than plaintiff's car, and slowly backed his car in the parking space, looking in the mirror continuously.  The defendant testified that he did not see the plaintiff in his mirror until the plaintiff's head suddenly rose above defendant's trunk lid, at which time defendant's vehicle had already struck the plaintiff and momentarily pinned him between the two cars.  The defendant stated that his rear window is a little over 4 feet above the ground.

The plaintiff, age 44, is 5 feet, 6 inches tall.  He stated he was bending or crouching in front of his car, facing his car, and working on the license plate, when he was struck on the left shoulder by the rear bumper of defendants car.  Plaintiff stated he did not hear the defendant get in his car, start his car, idle the engine, or begin to back his car in the parking space.  The plaintiff testified that he believed his head was higher than the trunk of defendant's car at the time he was struck, but also stated that he did not believe the defendant could see him.  The plaintiff acknowledged that he was crouching down with his knees just inches off the ground at the time he was struck, and that he was not looking at or paying attention to defendant's car.  Plaintiff stated he knew that a person normally must back his or her car to leave a parallel parking space, and that defendant's car was parked directly in front of his vehicle.

We review this case in conformity with the rule that the party against whom a motion for a directed verdict is directed is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence.  Waegli v. Caterpillar Tractor Co., 197 Neb. 824, 251 N. W. 2d 370 (1977).

Ordinarily the questions of negligence, contributory negligence, and assumption of risk are for the jury, but where the facts adduced with respect to those questions are such that reasonable minds can draw but one conclusion therefrom, a directed verdict is proper. See, McCready v. Al Eighmy Dodge, 197 Neb. 684, 250 N. W. 2d 640 (1977); Jeffrey v. Retzlaff, 187 Neb. 372, 191 N. W. 2d 436 (1971); Anthony v. Poppert, 186 Neb. 509, 184 N. W. 2d 648 (1971); Lyon v. Paulsen Building & Supply, Inc., 183 Neb. 365, 160 N. W. 2d 191 (1968).

Plaintiff contends there was a conflict in the evidence with respect to the issue of whether the defendant saw, or should have seen, the plaintiff before the accident occurred. He argues that a jury could have inferred from the evidence that the plaintiff was visible from defendant's position before the accident, but that the defendant either negligently failed to see the plaintiff, or backed into him after seeing him. Finally, plaintiff contends that the case should have been submitted to the jury because reasonable minds could disagree as to whether the defendant was negligent and whether plaintiff's negligence, if any, was slight and the negligence of the defendant was gross in comparison. See § 25-1151, R. R. S. 1943.

We agree with the plaintiff that a driver of an automobile must exercise ordinary care in backing his machine so as not to injure others. See Taulborg v. Andresen, 119 Neb. 273, 228 N. W. 528 (1930). It is doubtful that the evidence presented by plaintiff in this case was sufficient to permit a finding that defendant breached his duty of care in this respect. Even assuming, however, that there was evidence from which a jury could infer the defendant was negligent in some manner, we believe plaintiff's own evidence established, as a matter of law, that he was either guilty of contributory negligence more than slight when compared to any possible negligence on

the part of the defendant, or that plaintiff assumed the risk of injury by voluntarily placing himself in a position of known danger.

One who is capable of understanding and discretion, and who fails to exercise ordinary care and prudence to avoid obvious dangers, is negligent or contributorily negligent. Krehnke v. Farmers Union Co-Op. Assn., 199 Neb. 632, 260 N. W. 2d 601 (1977). "We have held many times that to constitute want of due care it is not required that a person should have anticipated the exact risk which occurred or that the peril was a deadly one; it is sufficient that he places himself in a position of a known danger where there was no need for him to be or that he knew or should have known that substantial injury was likely to result from his act." Jensen v. Hawkins Constr. Co., 193 Neb. 220, 226 N. W. 2d 346 (1975). See, also, Lorence v. Omaha P. P. Dist., 191 Neb. 68, 214 N. W. 2d 238 (1974).

With respect to the issue of assumption of risk, if one, knowing and comprehending the danger, voluntarily exposes himself to it, although not negligent in so doing, he is deemed to have assumed the risk and is precluded from a recovery for an injury resulting therefrom. See, Circo v. Sisson, 193 Neb. 704, 229 N. W. 2d 50 (1975); Jensen v. Hawkins Constr. Co., *supra*. "The defense of assumption of risk is not inconsistent with the defense of contributory negligence. It is essential to the defense of contributory negligence that negligence of the plaintiff be a proximate cause or a proximately contributory cause of the injury while assumption of risk is a defense when one voluntarily exposes himself to injury, although it plays no part in causing the injury." Kaufman v. Tripple, 180 Neb. 593, 144 N. W. 2d 201 (1966). The two defenses may coexist when the plaintiff makes an unreasonable choice to incur the risk. See Prosser, Law of Torts, § 68, p. 441 (4th Ed., 1971).

In the present case, the plaintiff voluntarily crouched between two parked vehicles on a public street for a substantial period of time, apparently oblivious to surrounding events. He did not, despite his obviously precarious position, notice the defendant getting into his automobile, starting it, running the motor for 15 seconds, and beginning to back the car in the parking space. Plaintiff was aware that defendant's car was parked immediately in front of his car, and that ordinarily cars must be backed in order to leave a parallel parking space. There can be no question in this case that the plaintiff placed himself in a position of obvious danger when he knew or should have known that substantial injury was likely to result if the defendant returned and backed his car to leave his parking space. This is a case where the defenses of contributory negligence and assumption of risk overlap. See Prosser, Law of Torts, § 68, p. 441 (4th Ed., 1971). Under either theory, plaintiff was barred from recovery as a matter of law under the evidence he presented.

The judgment of the District Court was correct, and is hereby affirmed.

AFFIRMED.