GORDON A. RUTH, APPELLEE, V. CITY OF OMAHA,
APPELLANT.

FILED DECEMBER 5, 1908. No. 15,402.

**Cities:** SIDEWALKS: NOTICE OF DEFECTS. A written notice to the mayor
and city council of a metropolitan city, given more than five days
before an injury caused by a defective sidewalk, that said walk
for a designated space of two blocks, including the point where
said injury occurred, "is in awful shape, people are tripping up
and falling occasionally," and requesting an acknowledgment of
the receipt of such communication "in order that proper damages
may be secured should accidents occur thereon," is sufficient
under section 7711, Ann. St. 1907, where the proof clearly shows
that the sidewalk over the entire space referred to in said notice
was at said time in a defective and generally dangerous condition.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Affirmed.*

*Harry E. Burnam, I. J. Dunn* and *John A. Rine,* for
appellant.

*Frank T. Ransom* and *John F. Moriarty, contra.*

ROOT, C.

Plaintiff, an infant, by his father as next friend, re-
covered judgment against defendant, a metropolitan city,
for injuries inflicted by reason of a defective sidewalk in
said city. Defendant appeals.

But one question is presented for our consideration,
and that is whether the city had sufficient notice of the
defective condition of said sidewalk to make it liable to
plaintiff. Sections 7710, 7711, Ann. St. 1907, were in
force at the time plaintiff was injured, and are as follows:

"Section 7710. No city governed by this act shall be
liable for damages arising from defective streets, alleys,
sidewalks, public parks or other public places within
such city, unless actual notice in writing, describing fully
the accident and the nature and extent of the injury com-

plained of and describing the defects causing the injury and stating the time when and, with particularity, the place where the accident occurred, shall be proved to have been filed with the city clerk within ten days after the occurrence of such accident or injury, and it is hereby made the duty of the city clerk to file said notice and keep a record showing the time when and by whom such notice was given, and he shall forthwith report the filing of such notice to the city attorney and transmit a copy thereof to him.

"Section 7711. Cities of the metropolitan class shall be absolutely exempt from liability for damages or injuries suffered or sustained by reason of defective public ways or the sidewalks thereof within such cities, unless actual notice in writing of the defect of such public way or sidewalk shall have been filed with the city clerk at least five days before the occurrence of such injury or damage. In the absence of such notice, so filed, the city shall not be liable, and in all cases such notice shall describe with particularity the place and nature of the defects of which complaint is made."

A notice was given in compliance with section 7710, *supra,* after the injury, so that defendant was not prejudiced in the matter of securing evidence and preparing itself for trial of the instant case. The notice relied on by plaintiff as a compliance with section 7711, *supra,* was not given by him, but by a Mr. Johnson. It is as follows: "Omaha, Neb., April 27, 1905. City Clerk: This is to notify you that the sidewalk on Ohio street 22d to 24th, north side, is in awful shape. People are tripping up and falling occasionally. Please acknowledge receipt so I can know this communication has been received in order that proper damages may be secured, should accidents occur thereupon. Yours truly, D. Johnson." This notice was filed with defendant April 27, 1905, and plaintiff was injured on June 27 of said year.

It is argued by learned counsel that, as the defect causing the injury was a hole about four inches in width

located between two cross-boards of a wooden sidewalk, the notice given by Johnson cannot be said to describe with *particularity* the *place* and *nature* of said defect, and therefore plaintiff is not within the statute. The city of Omaha is vested by statute with comprehensive powers respecting the control, improvement and repair of its streets and highways, including the sidewalks thereon. It has authority to secure funds by taxation, the right to expend them for said purposes, and the power to recover for those expenditures in many instances from abutting property owners. Its duty, therefore, is to exercise its powers so as to construct reasonably safe streets and sidewalks for the accommodation of the public. If those sidewalks become out of repair and thereby unsafe, the city, in the absence of any controlling statute, after notice of that condition and reasonable opportunity to repair, would become liable for all damages resulting from its negligent failure to perform its duty. It is not essential that said liability should be imposed by the specific terms of the statute governing the municipality, but may be and is implied from the authority and resources given the city. *Burke v. City of South Omaha,* 79 Neb. 793; *Goodrich v. University Place,* 80 Neb. 774. It is entirely competent for the legislature to either remove or qualify the implied liability above referred to. *Goddard v. City of Lincoln,* 69 Neb. 594; *Schmidt v. City of Fremont,* 70 Neb. 577.

Defendant's charter neither specifically imposes nor directly exempts it from liability for damages because of injuries arising from its defective walks and streets, but qualifies the implied liability therefor. In applying the statute we must give it a reasonable construction. But for section 7711, *supra,* defendant would be liable if it had actual or constructive notice of the defective condition of the walk for such a time preceding the injury as that it might in the exercise of reasonable diligence have repaired it. *City of Central City v. Marquis,* 75 Neb. 233. With the number of officers in its employ to whom

notice would be notice to the defendant, and the constant change in such officials, one succeeding the other, and those stepping down and out frequently leaving the city, it became a matter of moment and public concern to limit the methods of proving that notice, and to fix a statutory time thereafter within which the municipality might make repairs, during which time it would not be subject to litigation. It was the evident intention of the legislature to absolve the city from liability for all injuries that might result before, or within five days after, actual notice to it of a defect in its sidewalks, and that the notice should not only be in writing, but describe the nature and place of the imperfection so definitely as that its employees with the aid of said information might readily locate and repair said way. There is less reason for insisting upon explicit notice of a defect where the information is given before, than one furnished after, an injury. Upon receipt of the first notice, liability has not attached to the city, and, if its servant may, with the assistance of the notice, locate the fault, all useful purpose is served. In case of notice after injury more specific information is necessary to enable the city to make a proper defense. Its liability may not turn on the existence of various defects, but whether or not at the very point where the accident occurred the unsafe and dangerous condition existed and proximately caused the injury to claimant. In the instant case it appears from the testimony that the sidewalk was in bad repair and unsafe for the space of the two blocks referred to in the notice, and that those defects were patent and had existed for a considerable length of time before the notice was given. Defendant had ample time within which to repair said walk far in excess of that given by the statute. The statutory requirements of notice to municipalities like the one at bar should be liberally construed, to the end that persons having meritorious claims may not be cut off by technicalities as to the form of notice. *City of Lincoln v. O'Brien,*

57

56 Neb. 761; *City of Lincoln v. Pirner,* 59 Neb. 634; *Rusch v. City of Dubuque,* 116 Ia. 402; *Buchmeier v. City of Davenport,* 116 N. W. (Ia.) 695.

We are of opinion that the notice was sufficient. It is not claimed that the case was not fairly submitted to the jury, nor that the recovery is excessive, and therefore the judgment of the district court should be affirmed, and we so recommend.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.