Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/24/2026 08:08 AM CST

- 103 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

SKYLINE RANCHES PROPERTY OWNERS ASSOCIATION
ET AL., APPELLANTS, V. CITY OF OMAHA,
NEBRASKA, ET AL., APPELLEES.
___ N.W.3d ___

Filed February 24, 2026.    No. A-25-247.

1. **Mandamus: Words and Phrases.** Mandamus is a law action, and it is an extraordinary remedy, not a writ of right.
2. **Judgments: Appeal and Error.** In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict, and an appellate court will not disturb those findings unless they are clearly erroneous.
3. **Mandamus.** Whether to grant a writ of mandamus is within the trial court's discretion.
4. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.
5. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
6. **Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
7. **Mandamus: Proof.** Mandamus relief is available if the movant can show (1) a clear right to the relief sought, (2) a corresponding clear duty to perform the act requested, and (3) no other plain and adequate remedy is available in the ordinary course of law.
8. ____: ____. In a mandamus action, the party seeking mandamus has the burden of proof and must show clearly and conclusively that such party is entitled to the particular thing the relator asks and that the respondent is legally obligated to act.
9. **Mandamus: Public Officers and Employees.** Mandamus is available to enforce the performance of ministerial duties of a public official but is not available if the duties are quasi-judicial or discretionary.
10. ____: ____. A duty imposed by law which may be enforced by writ of mandamus must be one which the law specifically enjoins as a duty resulting from an office, trust, or station.

- 104 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

11. **Mandamus.** The general rule is that an act or duty is ministerial only if there is an absolute duty to perform in a specified manner upon the existence of certain facts.

12. ____. A duty or act is ministerial when there is no room for the exercise of discretion, official or otherwise, the performance being required by direct and positive command of the law.

13. **Public Officers and Employees.** A ministerial duty is not dependent upon a public officer's judgment or discretion—it is performed under the conditions specified in obedience to the mandate of legal authority, without regard for the exercise of the officer's judgment upon the propriety of the act being done.

14. **Statutes.** To the extent there is a conflict between two statutes, the specific statute controls over the general statute.

15. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

16. **Jurisdiction: Time: Notice: Appeal and Error.** Under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2024), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal.

Appeal from the District Court for Douglas County: Jeffrey J. Lux, Judge. Affirmed.

Jason M. Bruno and Guillermo M. Martinez, of Sherrets Bruno & Vogt, L.L.C., for appellants.

Ryan J. Wiesen, Deputy Omaha City Attorney, for appellees.

Moore, Bishop, and Welch, Judges.

Moore, Judge.

INTRODUCTION

Skyline Ranches Property Owners Association (Skyline Ranches), Robert F. Peterson, and Edward Wilkinson (collectively referred to as "appellants") appeal from an order of the district court for Douglas County, denying their request for a peremptory writ of mandamus that sought to compel the City of Omaha, Nebraska; Robert G. Stubbe, in his official capacity; and Jean Stothert, in her official capacity (collectively

- 105 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

referred to as "appellees"), to properly maintain the streets of an annexed subdivision. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

Skyline Ranches is a subdivision of western Omaha, containing 228 residential properties. Originally created to be a sanitary and improvement district, Skyline Ranches' paved streets were installed in 1975, subject to the jurisdiction and oversight of Douglas County. In 1994, Elkhorn, Nebraska, annexed Skyline Ranches. In 2005, Omaha annexed Elkhorn, which included Skyline Ranches. This case arises out of appellants' claim that since the annexation, appellees have failed to properly maintain Skyline Ranches' streets.

On May 7, 2024, appellants filed a complaint, alleging that appellees had allowed Skyline Ranches' streets to fall into various levels of disrepair. The complaint alleged that the conditions of the streets presented dangers and hazards to the traveling public. The complaint also alleged that in December 2018, Omaha adopted a policy for maintenance of roadways that declared "substandard" streets those that were not installed pursuant to Omaha's current standards. The complaint stated that appellees allegedly claimed that they have no duty to maintain Skyline Ranches' streets because those streets were now "'substandard,'" and appellees planned to allow the streets "to deteriorate to gravel and ultimately to dirt." Appellants alleged that they had repeatedly requested that appellees maintain the streets of Skyline Ranches, but appellants had been informed that they must "apply to Omaha" to make major improvements to the streets and pay the costs for those improvements pursuant to Omaha's 2018 policy.

The complaint further alleged that appellees' representations were arbitrary and contrary to law and that appellees had undertaken the duty to maintain Skyline Ranches' streets at the moment of annexation pursuant to Neb. Rev. Stat. § 14-118(2) (Reissue 2022). The complaint requested a

- 106 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

declaratory judgment that affirmed that appellees have a duty to maintain the streets in a safe condition suitable for ordinary travel and to invalidate Omaha's 2018 policy. The complaint also requested a writ of mandamus compelling appellees to maintain the streets in a reasonably safe condition for ordinary travel.

Appellees later filed an answer, and appellants filed a motion to compel discovery.

On November 8, 2024, the district court entered an order dismissing appellants' complaint without prejudice. The court first found that appellants had failed to properly file their mandamus claim, as it was not included in a verified petition or an affidavit, thus depriving the court of subject matter jurisdiction. Relying upon the Nebraska Supreme Court's directive that strict compliance with the mandamus statutes be followed, the court further found that an amended complaint would not cure the procedural defects in the mandamus claim.

The district court also found that the declaratory judgment claim should be dismissed. The court noted that a declaratory judgment affirming that appellees have a duty to maintain Skyline Ranches' streets would be only the first step to obtaining the relief sought and would be unlikely to terminate or resolve the controversy between the parties. The court found that although appellants had not followed the proper procedure for filing a writ of mandamus, a writ of mandamus was the most serviceable remedy for the relief sought. In reaching this conclusion, the court relied upon *State ex rel. Wagner v. Evnen*, 307 Neb. 142, 948 N.W.2d 244 (2020), which held that a court's ability to grant declaratory judgment is limited when another equally serviceable remedy is available. The court also dismissed all pending motions, including appellants' motion to compel and other motions not included in our record on appeal. Appellants did not appeal that order.

- 107 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

On December 16, 2024, appellants filed a verified motion for the issuance of a peremptory writ of mandamus. The allegations contained in the verified motion are largely the same as those set forth in appellants' original complaint. However, the verified motion also contained photographs of Skyline Ranches' streets and additional details regarding their state of disrepair, including that the streets were uneven and contained large potholes. The verified motion requested a peremptory writ of mandamus compelling appellees to maintain the streets in a reasonably safe condition for ordinary travel. The district court entered an order allowing an alternative writ of mandamus on January 10, 2025, which directed appellees to carry out their obligations under § 14-118. Appellees later filed an answer.

A show cause hearing on the matter was held on February 20, 2025. At the hearing, appellants offered their verified motion and the affidavits of two of their residents and a former city administrator for Elkhorn. Appellees offered affidavits by Omaha's city clerk and the general services division manager for Omaha's public works department. All exhibits were entered into evidence, and both parties presented arguments.

In an order entered on March 20, 2025, the district court denied appellants' verified motion for a peremptory writ of mandamus. The court concluded that several statutes, other than § 14-118, indicated that appellees did not have a mandatory duty to maintain the streets in Skyline Ranches. The court also concluded that there was a statutory petition process, which had been adopted by Omaha, that provided appellants with an avenue through which they could obtain the relief sought. The court noted that there was no evidence that appellants had relied upon the petition process before commencing legal action. Thus, appellants had failed to meet two of the three necessary elements for a writ of mandamus. The court further ordered that the alternative writ of mandamus be dissolved by operation of law.

- 108 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

Appellants subsequently perfected their appeal to this court.

## ASSIGNMENTS OF ERROR

Appellants assign, restated and consolidated, that the district court erred in (1) failing to issue a peremptory writ of mandamus and (2) dismissing their request for a declaratory judgment.

## STANDARD OF REVIEW

[1-4] Mandamus is a law action, and it is an extraordinary remedy, not a writ of right. *State ex rel. BH Media Group v. Frakes*, 305 Neb. 780, 943 N.W.2d 231 (2020). In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict, and an appellate court will not disturb those findings unless they are clearly erroneous. *Id*. Whether to grant a writ of mandamus is within the trial court's discretion. *Id*. An appellate court reviews questions of law independently of the lower court's conclusion. *In re Estate of Guenther*, 318 Neb. 454, 16 N.W.3d 876 (2025).

[5] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court. *State ex rel. BH Media Group v. Frakes, supra*.

[6] A jurisdictional issue that does not involve a factual dispute presents a question of law. *Kellogg v. Mathiesen*, 320 Neb. 223, 26 N.W.3d 651 (2025).

## ANALYSIS

### WRIT OF MANDAMUS

Appellants first assign that the district court erred in failing to issue a peremptory writ of mandamus.

[7,8] Mandamus relief is available if the movant can show (1) a clear right to the relief sought, (2) a corresponding clear duty to perform the act requested, and (3) no other plain and adequate remedy is available in the ordinary course of law. *State ex rel. Douglas Cty. Sch. Dist. No. 66 v. Ewing*, 319 Neb. 663, 24 N.W.3d 861 (2025). In a mandamus action, the party

- 109 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

seeking mandamus has the burden of proof and must show clearly and conclusively that such party is entitled to the particular thing the relator asks and that the respondent is legally obligated to act. *Id*.

[9-13] Mandamus is available to enforce the performance of ministerial duties of a public official but is not available if the duties are quasi-judicial or discretionary. *Id*. A duty imposed by law which may be enforced by writ of mandamus must be one which the law specifically enjoins as a duty resulting from an office, trust, or station. *Id*. The general rule is that an act or duty is ministerial only if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *Id*. A duty or act is ministerial when there is no room for the exercise of discretion, official or otherwise, the performance being required by direct and positive command of the law. *Id*. A ministerial duty is not dependent upon a public officer's judgment or discretion—it is performed under the conditions specified in obedience to the mandate of legal authority, without regard for the exercise of the officer's judgment upon the propriety of the act being done. *Id*.

Our case law has recognized that a city has a general duty to maintain its streets in a reasonably safe condition. See *Dean v. Yahnke*, 266 Neb. 820, 670 N.W.2d 28 (2003) (holding that no municipal corporation, by any act of its own, can devolve duty of keeping its streets and sidewalks in reasonably safe condition for travel by public). See, also, *Ruth v. City of Omaha*, 82 Neb. 846, 118 N.W. 1084 (1908) (recognizing city has duty to exercise its powers to construct reasonably safe streets for accommodation of public); *Conklin v. Lincoln Traction Co.*, 130 Neb. 28, 263 N.W. 674 (1935) (city has duty to maintain streets and sidewalks in reasonably safe condition for travel in ordinary mode); *Tewksbury v. City of Lincoln*, 84 Neb. 571, 121 N.W. 994 (1909) (duty of cities to keep and maintain streets in repair and safe for public use). We note that none of these cases discuss the duty to maintain public streets in connection with a ministerial act subject to a

- 110 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

writ of mandamus. The question before us then is whether this duty to maintain public streets is ministerial or discretionary in nature.

Appellants argue that from the moment Elkhorn was annexed by Omaha, appellees undertook the duty to maintain Skyline Ranches' streets pursuant to the plain language of § 14-118(2). Section 14-118(2) states:

After such date [of annexation], the city of the metropolitan class shall:

(a) Succeed to all the property and property rights of every kind, contracts, obligations, and choses in action of every kind held by or belonging to the annexed or merged city or village; and

(b) Be liable for and recognize, assume, and carry out all valid contracts, obligations, and licenses of the annexed or merged city or village.

Appellants contend that the "obligations" Omaha assumed from Elkhorn during annexation included the maintenance of safe and functional streets.

As the district court noted in its order, case law applying § 14-118 is limited. In *City of Omaha v. City of Elkhorn*, 276 Neb. 70, 752 N.W.2d 137 (2008), the Nebraska Supreme Court considered Omaha's claim that multiple severance provisions in certain Elkhorn employee contracts were invalid and unenforceable. Although the issue in that case largely concerned whether Omaha had standing, the Nebraska Supreme Court concluded, pursuant to § 14-118 (Reissue 1997), that Omaha "succeeded to and became liable for the severance provisions on . . . the date Omaha's annexation ordinance became effective." *City of Omaha v. City of Elkhorn*, 276 Neb. at 78, 752 N.W.2d at 144.

In *S.I.D. No. 95 v. City of Omaha*, 221 Neb. 272, 376 N.W.2d 767 (1985), a sanitary and improvement district (SID) requested a permanent injunction enjoining Omaha from enforcing an ordinance annexing an area served by the district. The SID argued that Omaha had annexed the area solely for

- 111 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

the purposes of generating revenues. The Nebraska Supreme Court rejected this argument, finding that under § 14-118 (Reissue 1983), Omaha had assumed the obligation for all of the SID's liabilities. The court also noted that because Omaha was "acquiring a fully developed area, and therefore, in addition to paying off any and all bond obligations of the area, it further assumed the responsibility of providing all necessary improvements and services." *S.I.D. No. 95 v. City of Omaha*, 221 Neb. at 278-79, 376 N.W.2d at 772.

In *Airport Authority of City of Millard v. City of Omaha*, 185 Neb. 623, 177 N.W.2d 603 (1970), the Nebraska Supreme Court considered whether Omaha's annexation of Millard, Nebraska, impaired the obligations and contracts of the Millard airport authority. The court found that annexation did not impair contracts entered into by the Millard airport authority because Omaha incurred the obligations to carry out the contracts by virtue of annexation.

The above cases demonstrate that § 14-118 has been applied to contractual obligations assumed by Omaha through annexation. Though *S.I.D. No. 95 v. City of Omaha*, 221 Neb. at 279, 376 N.W.2d at 772, stated that Omaha had also assumed the responsibility of providing "all necessary improvements and services" by the nature of its annexation, the Nebraska Supreme Court did not detail what specific improvements and services are necessary or whether the duty to provide necessary improvements and services is ministerial or discretionary.

Appellees argue that a series of statutes governing the improvement of streets and roadways in cities of the metropolitan class articulate a legislative intent to provide the executive and legislative branches of municipal government with discretion when making improvements to streets, sidewalks, and highways, as well as the discretion to specially assess property owners for all or part of the costs incurred for such improvements. See Neb. Rev. Stat. §§ 14-384 through 14-3,127 (Reissue 2022). Specifically, § 14-385(2)

- 112 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

states, "The city shall not be required to make any of the improvements authorized in this section if for good reason the city deems such improvements should not be made even though such improvements were petitioned for as provided in section 14-390."

Appellees also point to Neb. Rev. Stat. §§ 13-901 through 13-928 (Reissue 2022), which comprise the Political Subdivisions Tort Claims Act. Section 13-910(12) excepts political subdivisions from liability for

[a]ny claim arising out of the alleged insufficiency or want of repair of any highway as defined in such section, bridge, or other public thoroughfare. Insufficiency or want of repair shall be construed to refer to the general or overall condition and shall not refer to a spot or localized defect.

Appellees contend that their duty to maintain the streets of Skyline Ranches is discretionary because sovereign immunity protects Omaha from any claim arising out of the alleged general disrepair of a public street.

[14] Although § 14-118 (Reissue 2022) indicates that cities incur obligations through annexation, we cannot conclude that the use of the word "obligation" includes an absolute duty to perform street maintenance in a specified manner for which mandamus is an appropriate remedy. Neither a plain reading of the statute, nor case law interpreting § 14-118, connects the obligations referenced in the statute to any specific duty to maintain public streets. Rather, other statutes enacted by the Legislature specifically address the improvement of streets. To the extent there is a conflict between two statutes, the specific statute controls over the general statute. *In re Guardianship of Patrick W.*, 316 Neb. 381, 4 N.W.3d 833 (2024). We therefore find the statutes cited by appellees, specifically §§ 14-384 through 14-3,127, to be controlling.

The statutes regarding the process through which cities of a metropolitan class can improve streets, sidewalks, and highways suggest that a city's duty regarding public streets is

- 113 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

discretionary. For instance, the phrase "shall not be required to make . . . improvements," which is contained in § 14-385(2), suggests that the Legislature intended for street improvements to fall within a city's discretion. Section 14-385(2) also states that a city is not required to make improvements if it has good reason, "even though such improvements were petitioned for [under] section 14-390," further evidencing a city's discretion over street maintenance. The Political Subdivisions Tort Claims Act also suggests that the maintenance of public streets is not ministerial, as the act excepts political subdivisions from liability for claims arising out of the general poor conditions of streets. We conclude that appellants have failed to show that appellees' duty to maintain the streets in Skyline Ranches was ministerial and not discretionary.

Appellants also argue that they do not have a plain and adequate remedy at law. Though the district court went on to find that a peremptory writ of mandamus was unwarranted given the existence of plain and adequate remedies, because we have found above that appellees have no clear duty to perform the act requested to support mandamus relief, we do not address this argument further. An appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it. See *Slater v. Ichtertz*, 320 Neb. 159, 26 N.W.3d 504 (2025).

Because appellants have failed to show that the maintenance of their streets is a ministerial duty of appellees, mandamus relief is not available. The district court did not err in so deciding.

### DECLARATORY JUDGMENT

Appellants also assign that the district court erred by dismissing their request for a declaratory judgment. In their initial complaint, appellants requested relief through both a declaratory judgment and a writ of mandamus. Appellants argue that if the issuance of a writ of mandamus is not warranted, then the district court's dismissal of the declaratory

- 114 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

judgment action was in error. Appellees argue that because appellants are challenging the substance of the district court's dismissal of appellants' original complaint, their appeal is well past the 30-day deadline. Therefore, this court is without jurisdiction to review this assignment of error.

[15,16] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Kellogg v. Mathiesen*, 320 Neb. 223, 26 N.W.3d 651 (2025). Under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2024), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal. See *Arnold v. Walz*, 306 Neb. 179, 944 N.W.2d 747 (2020). A party must file a notice of appeal within 30 days of the judgment, decree, or final order from which the party is appealing. *Id*. See, also, *Saint James Apt. Partners v. Universal Surety Co.*, 316 Neb. 419, 5 N.W.3d 179 (2024) (finding that dismissal without prejudice is typically final order except for instances in which court grants leave to amend).

Appellants' notice of appeal states that they intended to appeal from an order entered by the district court on March 20, 2025. That order addressed appellants' verified motion, which sole claim was a request for a peremptory writ of mandamus. As such, the court's March 20 order did not address appellants' prior request for a declaratory judgment. The court had previously dismissed appellants' complaint, which contained their request for a declaratory judgment, without prejudice in its order entered on November 8, 2024. In order to preserve this assignment of error for appeal, it was necessary for appellants to file a notice of appeal within 30 days of the court's November 8 order. See *Arnold v. Walz, supra*.

Because appellants appealed only from the district court's March 20, 2025, order, which did not involve appellants' prior request for a declaratory judgment, this court is without jurisdiction to consider this assignment of error, and we do not discuss it further.

- 115 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
SKYLINE RANCHES PROP. OWNERS ASSN. v. CITY OF OMAHA
Cite as 34 Neb. App. 103

## CONCLUSION

Appellants have failed to show that the maintenance of Skyline Ranches' streets is a ministerial duty of appellees. The district court did not err in dismissing appellants' verified motion for a peremptory writ of mandamus. We are without appellate jurisdiction to consider the district court's prior denial of the request for a declaratory judgment.

AFFIRMED.